JOHN WOLF, Plaintiff-Appellee, v. MEISTER-NEIBERG, INC., *et al.*, Defendants-Appellants.

First District (5th Division)   Nos. 1—89—2364, 1—89—2365 cons.

Opinion filed February 16, 1990.

Harvey A. Paulsen, of Paulsen & Kane, of Chicago, for appellant Meister-Neiberg, Inc.

Pretzel & Stouffer, Chartered, of Chicago, for appellant Lennie Szarek, Inc.

Thomas L. Kieft, of Dowd & Dowd, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This interlocutory matter comes before this court in the consolidated appeals of defendants, Meister-Neiberg, Inc., and Lennie Szarek, Inc., pursuant to Supreme Court Rule 308 (107 Ill. 2d 308). The plaintiff is John Wolf (Wolf). The undisputed facts are as follows.

On November 26, 1984, Wolf filed a complaint sounding in tort, alleging injury as a result of a trip-and-fall event at a construction site located at 310 Wainwright Drive in Northbrook, Illinois, on March 20, 1984. Named as defendants were Meister-Neiberg, Inc. (Meister-Neiberg), a general contractor, and Lennie Szarek (Szarek), a subcontractor. Both defendants filed an answer to Wolf's complaint denying any connection with the said construction site. On January 22, 1988, long after the applicable statute of limitations had passed, Wolf filed an amended complaint alleging that the accident occurred at a construction site in Schaumburg, Illinois. Both Meister-Neiberg

and Szarek filed motions for summary judgment to dismiss Wolf's cause pursuant to section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). In their motion Meister-Neiberg and Szarek raised the defense of the application of the statute of limitations. Meister-Neiberg and Szarek argued that the Illinois statute of limitations which requires a complaint such as Wolf's to be filed within two years (Ill. Rev. Stat. 1987, ch. 110, par. 13—202) barred Wolf's action. Meister-Neiberg and Szarek based their charge on the provisions of section 2—616 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616) which permit the relation back of an amended pleading to avoid the impact of any statute of limitations only if two requirements are met: (1) the original pleading was timely filed, and (2) the original pleading and amended pleading indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. (*Zeh v. Wheeler* (1986), 111 Ill. 2d 266.) Defendants contended that the relation-back provision was inapplicable because Wolf's amended complaint stated a cause of action separate and distinct from the cause of action alleged in the original complaint; *i.e.*, the amended complaint alleged that Wolf's injury occurred at a different location than the location alleged in his original complaint. Wolf argued, in effect, that the statute of limitations and relation-back provision in section 2—616(d) applied to his cause because both Meister-Neiberg and Szarek had notice of the correct location prior to the running of the applicable statute of limitations.

The trial court denied both Meister-Neiberg's and Szarek's motions. The trial court also certified under Supreme Court Rule 308 (107 Ill. 2d R. 308) the following question:

"In a slip and fall case does an amended complaint filed after the expiration of the statute of limitations relate back to the original timely-filed complaint when,

(a) The location of the accident as alleged in the amended complaint differs materially from the location alleged in the original complaint, but

(b) The defendants were on notice of the correct location prior to the expiration of the statute of limitations, said notice provided to defendant by way of sworn discovery deposition testimony ***?"

Meister-Neiberg and Szarek applied for leave to appeal pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308). This court granted the two applications for leave to appeal and consolidated the two appeals. Both Szarek and Meister-Neiberg filed motions requesting that their

applications for leave to appeal stand as their briefs on appeal. Wolf filed a response to the applications with a request that his response stand as his brief. The court granted all motions. The court also entered a stay of the trial court proceeding.

For the following reasons, the trial court's order denying the defendants' motions is affirmed, the stay of proceeding heretofore entered is lifted, and the cause is remanded to the trial court for further proceedings.

It is the law in this State that an amendment to a pleading substantially changing the location of an alleged injury from that originally alleged in a complaint does not trigger the application of the relation-back provisions of section 2—616 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—616) so as to preclude the application of the applicable statute of limitations. This rather harsh and strict rule has at least one exception which we find applicable to this case, *i.e.*, where the defendant or defendants had notice of the proper location of the charged injury during the period of the applicable limitations statute. (*Zeh v. Wheeler* (1986), 111 Ill. 2d 266.) Meister-Neiberg argues, however, that this exception, noted in *Zeh*, is *dicta* and the *dicta* should not be followed in this case.

*Dicta* is a much maligned legal expression. *Dicta* is really divided into two areas, one, properly called "judicial *dictum*" and the other called "*obiter dictum*." If a particular rule stated in a case is the expression of opinion upon a point in a case deliberately passed on by the court, it is judicial *dictum* and not *obiter dictum*. (*Scovill Manufacturing Co. v. Cassidy* (1916), 275 Ill. 462.) On the other hand, *obiter dictum* or *dicta* is an opinion expressed by the court on a legal question casually reached by the court on an issue unrelated to the essence of the controversy or based on hypothetical facts. (*Larson v. Johnson* (1953), 1 Ill. App. 2d 36.) Judicial *dictum* has been held binding precedent even by modern day "liberal courts." (*In re Marriage of Drews* (1985), 139 Ill. App. 3d 763.) *Obiter dicta*, on the other hand, even that given by the supreme court, is not binding authority, though it may be persuasive. *Harms v. Sprague* (1983), 119 Ill. App. 3d 503, *aff'd* (1985), 105 Ill. 2d 215.

Even if the *dictum* in *Zeh v. Wheeler* (1986), 111 Ill. 2d 266, is unadulterated *obiter dicta*, we believe the trial court and ourselves are correct in following it for a number of cogent reasons. First, although there is some authority to the contrary, the Illinois Code of Civil Procedure is to be construed liberally to the end that controversies may be speedily and finally determined according to the substantive rights of the parties. (Ill. Rev. Stat. 1987, ch. 110, par. 1—106.)

Second, it is the policy of our Code of Civil Procedure to favor a hearing on the merits of a litigant's claim. (*Meeker v. Payne* (1981), 101 Ill. App. 3d 723.) Finally, even if the *dictum* in *Zeh* is plain "old *obiter* dictum," Justice Stamos, formerly of this court, raised it to the dignity of judicial *dictum* in *Peoples Gas Light & Coke Co. v. Austin* (1986), 147 Ill. App. 3d 26.

For all of the above reasons, the certified question is answered "Yes." The trial court's denial of Meister-Neiberg's and Szarek's motions is affirmed, the stay order previously entered is voided, and the cause is remanded to the trial court for further proceedings.

Affirmed and remanded.

COCCIA, P.J., and LORENZ, J., concur.