FIRST NATIONAL BANK IN TOLEDO, Plaintiff-Appellee, v. EFFINGHAM-CLAY SERVICE COMPANY, Defendant-Appellant.

Fourth District    No. 4—93—0802

Opinion filed April 13, 1994.

James F. Jarrett, of Schniederjon, Weber & Jarrett, of Effingham, for appellant.

John O. Cutright, of Cutright & Cutright Law Office, of Toledo, for appellee.

JUSTICE LUND delivered the opinion of the court:

Jerry Sherwood, a farmer living on a rural route near Greenup, Illinois, borrowed money from the First National Bank in Toledo (Bank), plaintiff, pledging his 1991 corn, soybeans, and wheat crops as security. Adequate security documentation was duly filed with the Cumberland County clerk's office (Greenup and Toledo are both located in Cumberland County). Sherwood executed a document stating that he sold his various grain crops to defendant Effingham-Clay Service Company (Effingham-Clay Service), Greenup Elevator in Greenup. A notice of security interest dated May 1, 1991, was sent by certified mail from the Bank to Effingham-Clay Service on May 2, 1991. It was received on May 5, 1991. This notice directed Effingham-Clay Service to include the Bank's name on any check made payable to Sherwood for 1991 crops sold. Effingham-Clay Service did not include the Bank's name on the checks used to compensate Sherwood for the sale of 1991 crops, Sherwood did not use the funds from the grain sales to pay the Bank loans, and the Bank brought this action.

Effingham-Clay Service defended, contending the notice it received from the Bank was insufficient because it did not set forth the "county" where the crops were grown and failed to provide "a reasonable description of the property" as required by section 9—307.1(a)(ii)(IV) of the Uniform Commercial Code—Secured Transactions (Code) (810 ILCS 5/9—307.1(a)(ii)(IV) (West 1992)).

Entering judgment for the Bank, the judge of the circuit court of Cumberland County made the following statement:

"I find further that the description required under 810 USC [sic] 5/9—307(4)(a)(ii)(IV) [sic] is sufficient. The notice reasonably describes the farm products that are secured. It further provides that those products are secured 'wherever located.' I find that it is not necessary to include a legal description of the land on which the grain is produced in the notice of security interest under 810 ILCS 5/9—307(4)(a) [sic]. The financing statement needed to perfect a security interest in crops must have a legal description of the land. It is intended to be a public record that can be recorded and indexed in the Recorder's Records. The notice of secu-

rity interest is intended to be a document that obviates the necessity of the buyer of grain making a search of the County clerk's records every time a sale of grain is contemplated. A legal description of the land would not further that purpose in any way. It can also be reasonably determined by the Greenup address of Sherwood that the Notice deals with grain to be sold in Cumberland County. Where the grain is produced is irrelevant for the purposes of the notice. The place and entity of sale is important."

Applicable portions of section 9—307.1 of the Code provide:

"A commission merchant or selling agent who sells a farm product for others shall be subject to a security interest created by the seller in such farm product if—

(a) within one year before the sale of the farm products, the buyer has received from the secured party or the seller written notice of the security interest organized according to farm products that:

(i) is an original or reproduced copy thereof;

(ii) contains,

(I) the name and address of the secured party;

(II) the name and address of the person indebted to the secured party;

(III) the social security number of the debtor or, in the case of a debtor doing business other than as an individual, the Internal Revenue Service taxpayer identification number of such debtor;

(IV) a description of the farm products subject to the security interest created by the debtor, including the amount of such products where applicable, crop year, county, and a reasonable description of the property." (810 ILCS 5/9—307.1 (West 1992).)

The section also allows for service of notice by registered or certified mail.

The notice was addressed to Effingham-Clay Service, and Jerry Sherwood's name, social security number and address were listed. The Bank was named as the secured party, and the agricultural commodities listed were:

| "Description | Crop Year(s) | Amount |
|---|---|---|
| Corn | 1991 | All |
| Soybeans | 1991 | All |
| Wheat | 1991 | All." |

The form also provided in part:

"If no amount is specified for the above described farm products, the security interest covers all such farm products without limitation as to amount. The farm products described above are or may be located on (describe property and county or parish where farm products are or may be located):

The security interest also covers the described farm products wherever located and is not limited to those located on the above property."

No case law is cited by either party. Effingham-Clay Service suggests that section 9—402 of the Code (810 ILCS 5/9—402 (West 1992)), which provides the formal requisites of financing statements, is instructive. That section provides in part:

"When the financing statement covers crops growing or to be grown, the statement must also contain a legal description of the real estate concerned. For purposes of the preceding sentence, the requirement of a legal description may be satisfied by giving the quarter section, section, township and range, and the name of a record owner if other than the debtor, of the real estate concerned." 810 ILCS 5/9—402(1) (West 1992).

Effingham-Clay Service argues that a property description is necessary so the land can be located by a researcher. While this argument may have validity where there are other secured creditors (or where a secured status is sought), the argument is doubtful when applied to the notice to the grain merchants. Others seeking security interest in the grain would be obligated to search the county records for evidence of encumbrances.

We conclude, as did the trial court, that the notice received was adequate to place Effingham-Clay Service on notice of the Bank's security agreement on grain delivered by Jerry Sherwood. While the technicality of description is critical when dealing with other creditors, we agree with the trial court that Effingham-Clay Service was given adequate notice of an obligation to protect the Bank's security interest.

Affirmed.

COOK and STEIGMANN, JJ., concur.