# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*In re Application of the Country Treasurer & ex officio County Collector,*
**2013 IL App (1st) 130103**

---

| | |
|---|---|
| Appellate Court Caption | *In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, for Judgment and Order of Sale Against Real Estate Returned for the Nonpayment of General Taxes for the Year 2006 (Petition of Matthew A. Flamm, as Receiver for Salta Group, Inc. and Marshall Atlas, for Tax Deed, Petitioner-Appellant). |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-0103 |
| Filed | November 8, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court affirmed the trial court's denial of petitioner's application for the issuance of a tax deed on the ground that the notice of the date of the expiration of the period of redemption prepared by petitioner pursuant to section 22-5 of the Property Tax Code listed that date as a Saturday, since section 22-5 requires that when the last date on which a redemption may be made falls on a weekend, that date must be excluded from the calculation, and the new final date is the following nonholiday weekday. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-COTD-1566; the Hon. Alfred J. Paul, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

John W. Stanko, Jr., and Mark J. Jacobsen, both of Flamm Teibloom &
Stanko, Ltd., of Chicago for appellant.

Panel

PRESIDING JUSTICE GORDON delivered the judgment of the court,
with opinion.

Justices Palmer and Taylor concurred in the judgment and opinion.

## OPINION

¶ 1    Petitioner Matthew Flamm, as receiver for Salta Group, Inc. (Salta), and Marshall Atlas, appeals the decision of the trial court denying Salta's application for the issuance of a tax deed. For the following reasons, we affirm.

¶ 2                                    BACKGROUND

¶ 3    On August 12, 2008, Salta purchased the 2006 delinquent real estate taxes on the real estate identified by permanent index number 28-35-411-026-0000. On December 22, 2008, Salta filed a notice, prepared in accordance with section 22-5 of the Property Tax Code (35 ILCS 200/22-5 (West 2008)), with the Cook County clerk's office. The section 22-5 notice was prepared pursuant to section 21-350 of the Property Tax Code (35 ILCS 200/21-350 (West 2008)). The notice listed the date of the expiration of the period of redemption as February 12, 2011, which was a Saturday. That designation of a Saturday date is the sole issue in this case.

¶ 4    On August 24, 2011, Salta filed its petition for tax deed because no one attempted to redeem the property. On September 14, 2011, the trial court appointed petitioner Matthew Flamm receiver for Salta and Marshall Atlas. All parties with a claimed interest in the property were served with notice of the tax deed proceeding, pursuant to sections 22-10 through 22-25 of the Property Tax Code (35 ILCS 200/22-10 to 22-25 (West 2008)). No one appeared in court to object to the issuance of a tax deed.[1] Petitioner filed an application with the court for the issuance of a tax deed.

¶ 5    On July 25, 2012, the trial court denied the application, finding that the notice did not comply with section 22-5 of the Code because the date of the expiration of the period of redemption was listed as a Saturday and should have been a weekday according to the Code. The Statute on Statutes (5 ILCS 70/1.11 (West 2008)) states that, when calculating the "time within which any act provided by law is to be done," if the last day in which to perform the act is a weekend or a holiday, that date must be "excluded" from the calculation. The trial

_____

[1]As a result, we are deciding the case solely on Flamm's brief.

court found that this court's decision in *In re Application of the County Treasurer & ex officio County Collector*, 2011 IL App (1st) 101966 (hereinafter, *Glohry*), was instructive to necessitate the denying of the application. In *Glohry*, this court found that a section 22-5 notice may not list a weekend date as the date on which the redemption period ends because if the last date on which redemption may be made falls on a weekend, that date must be excluded from the calculation, and the new final date is the following nonholiday weekday. *Glohry*, 2011 IL App (1st) 101966, ¶ 39 (citing 5 ILCS 70/1.11 (West 2006)). Petitioner filed a motion for reconsideration, which was denied on December 18, 2012.

¶ 6                                 ANALYSIS

¶ 7     On appeal, Flamm argues that the Saturday designation substantially complied with the Code. For the following reasons, we affirm the judgment of the trial court.

¶ 8                           I. Standard of Review

¶ 9     A reviewing court's primary objective in performing statutory construction is to give effect to the legislature's intent. *Fisher v. Waldrop*, 221 Ill. 2d 102, 112 (2006). The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. *Fisher*, 221 Ill. 2d at 112. When statutory language is clear, it must be given effect without resort to other tools of interpretation. *Fisher*, 221 Ill. 2d at 112. Generally, statutory language is considered ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses. *MD Electrical Contractors, Inc. v. Abrams*, 228 Ill. 2d 281, 288 (2008). We always presume that the legislature did not intend to create absurd, inconvenient, or unjust results. *Fisher*, 221 Ill. 2d at 112. Reviewing courts should consider a statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it, and avoiding constructions that would render any term meaningless or superfluous. *Fisher*, 221 Ill. 2d at 112. Furthermore, reviewing courts have a duty to construe a statute in a manner that upholds its validity and constitutionality. *Fisher*, 221 Ill. 2d at 112.

¶ 10    Reviewing courts use the *de novo* standard of review when engaging in statutory construction. *Fisher*, 221 Ill. 2d at 112. *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 11                            II. Section 22-5

¶ 12    Section 22-5 of the Property Tax Code states the following:

"In order to be entitled to a tax deed, within 4 months and 15 days after any sale held under this Code, the purchaser or his or her assignee shall deliver to the county clerk a notice to be given to the party in whose name the taxes are last assessed as shown by the most recent tax collector's warrant books, in at least 10 point type in the following form completely filled in." 35 ILCS 200/22-5 (West 2008).

The statute provides the following form:

"TAKE NOTICE

County of........................................................................

Date Premises Sold.......................................................

Certificate No..............................................................

Sold for General Taxes of (year).................................

* * *

Property located at.......................................................

Legal Description or Property Index No.  (blank)

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on  (blank)

This notice is also to advise you that a petition will be filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before  (blank)

At the date of this notice the total amount which you must pay in order to redeem the above property is  (blank)

YOU ARE URGED TO REDEEM IMMEDIATELY TO<br>PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before ........... by applying to the County Clerk of ............, County, Illinois at the Office of the County Clerk in ............, Illinois.

The above amount is subject to increase at 6 month intervals from the date of sale. Check with the county clerk as to the exact amount you owe before redeeming. Payment must be made by certified check, cashier's check, money order, or in cash.

For further information contact the County Clerk

ADDRESS:....................................................................

TELEPHONE:................................................................

Purchaser or Assignee

Date (insert date)." 35 ILCS 200/22-5 (West 2008).

## III. *Glohry*

The trial court relied on this court's decision in *Glohry*, 2011 IL App (1st) 101966, in making its decision to deny Salta's application for the issuance of a tax deed, and that case is instructive to the disposition of this appeal. In *Glohry*, a homeowner failed to pay her 2004 real estate taxes on her Chicago two-flat building, and the two-flat was sold at a public auction. *Glohry*, 2011 IL App (1st) 101966, ¶¶ 3-4. The purchaser, Ridge TP, LLC (Ridge), received a certificate of purchase, and the redemption period expired on Sunday, December 21, 2008. *Glohry*, 2011 IL App (1st) 101966, ¶ 4. Ridge later extended the redemption period to end on Monday, February 9, 2009, but when Ridge submitted an official notice to the homeowner, which, pursuant to section 22-5, required Ridge to list the redemption date in three separate blanks, Ridge listed the redemption date as December 21, 2008 in each blank

-4-

space. *Glohry*, 2011 IL App (1st) 101966, ¶ 5. The homeowner did not receive the notice. *Glohry*, 2011 IL App (1st) 101966, ¶ 5. Ridge assigned its certificate of purchase to the petitioner, who extended the redemption expiration date to March 23, 2009. *Glohry*, 2011 IL App (1st) 101966, ¶¶ 6-7. The redemption period expired without a redemption occurring. *Glohry*, 2011 IL App (1st) 101966, ¶ 7.

¶ 15    Petitioner filed an application for a tax deed, and respondents filed a response, arguing that petitioner did not comply with the Property Tax Code. *Glohry*, 2011 IL App (1st) 101966, ¶¶ 8-9. Respondents argued that the information in the notice form must be absolutely correct, because errors in the date for redemption would contravene the intent of the legislature. *Glohry*, 2011 IL App (1st) 101966, ¶ 24. This court agreed, holding:

> "The General Assembly transcripts confirm that the purpose of the section 22-5 post-sale notice provision was to provide a tax assessee, who is usually the property owner, with additional notice which conveys all necessary information. To achieve this goal, the legislature has indicated that a tax purchaser will not be entitled to a tax deed unless he gives the notice required. Permitting a tax purchaser to be entitled to a deed despite not fully complying with section 22-5 would defeat the legislature's intent. Section 22-5 'lend[s] credence to the idea that tax purchasers should not be allowed to disclose only that information they deem relevant.' *In re Application of the County Collector*, 295 Ill. App. 3d 703, 709 (1998) ('[a]dditional support for our position may be found in the very fact that the General Assembly actually prescribed the precise form and manner in which notice must be given')." *Glohry*, 2011 IL App (1st) 101966, ¶ 34.

¶ 16    This court further held that, even if the Sunday, December 21, 2008 date was the correct date of redemption, rather than the extended date, the 2008 date would have been improper because it fell on a Sunday. *Glohry*, 2011 IL App (1st) 101966, ¶ 39 (citing 5 ILCS 70/1.11 (West 2006)). "When the final day is a Sunday, *** it is excluded from calculating the time period in which the property may be redeemed," and the original redemption date would have been Monday, December 22, 2008. *Glohry*, 2011 IL App (1st) 101966, ¶ 39. The petitioner argued that "it would be nonsensical and place additional burdens on the tax purchaser to be required to ascertain weekend and holiday dates 2½ years in the future." *Glohry*, 2011 IL App (1st) 101966, ¶ 40. We disagreed, finding that requiring tax purchasers to exclude holiday and weekend dates for the purpose of determining the correct redemption date was "precisely" what the General Assembly intended. *Glohry*, 2011 IL App (1st) 101966, ¶ 40. We determined that the burden of ascertaining weekend and holiday dates was "minimal," and that it would not deter people from becoming tax purchasers. *Glohry*, 2011 IL App (1st) 101966, ¶ 40. " 'The provision of the statute requiring the [tax] purchaser *** to notify the person in possession of the [property] when the time of redemption will expire, is imperative, and a notice which specifies [the] wrong date cannot be regarded as any notice whatever, within the meaning of the statute.' " *Glohry*, 2011 IL App (1st) 101966, ¶ 40 (quoting *Gage v. Davis*, 129 Ill. 236, 240 (1889)).

¶ 17                                    IV. The Case at Bar

¶ 18    Flamm argues that the expiration of redemption date of Saturday, February 12, 2011,

satisfied section 22-5 and that this court's *Glohry* decision is inapplicable because the relevant section was *dicta* and that Salta's section 22-5 notice was correct.

¶ 19                                    A. No Objections

¶ 20    Flamm argues that, unlike *Glohry*, no party has raised any objections before the trial court to the notices served. This is immaterial for two reasons. First, the purpose of section 22-5 is to protect the occupants of property purchased by tax purchasers. *Glohry*, 2011 IL App (1st) 101966, ¶ 34. The notice must contain all necessary information to ensure that the rights of the assessee are fully protected. *Glohry*, 2011 IL App (1st) 101966, ¶ 34. The fact that no one objected to Salta's application does not render proper an otherwise improper notice.

¶ 21    Second, a party should not be allowed to issue an incorrect notice then argue that the fact that no one came forward as a result of the incorrect notice nullifies the incorrect nature of the notice. Providing correct notice is essential; without the correct information, interested parties lack the knowledge necessary to act upon their rights. Therefore, for us to hold that an incorrect notice will not affect the issuance of a tax deed if no interested party comes forward to challenge issuance would defeat the purpose of requiring notice. "Given the potential for any omission [or error] to inject confusion (however slight) into the redemption process," we do not find that the lack of objecting parties rendered the incorrect notice harmless. *In re Application of the County Collector*, 295 Ill. App. 3d 703, 709 (1998).

¶ 22                                    B. Statute on Statutes

¶ 23    First, Flamm argues that the *Glohry* court misapplied the Statute on Statutes (5 ILCS 70/1.11 (West 2008)) because the redemption date automatically falls on the next date the court is open. The statute reads as follows:

> "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the day succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded." 5 ILCS 70/1.11 (West 2008).

Flamm argues that, under the statute, the listed date of the expiration of the period of redemption was correct because the statute "allows for an extension of 'time within which any *act provided by law*' is to be done, if the expiration of performance occurs on a Saturday, Sunday, or holiday." (Emphasis in original.) *Phoenix Bond & Indemnity Co. v. Orr*, 323 Ill. App. 3d 1044, 1050-51 (2001) (quoting 5 ILCS 70/1.11 (West 1998)).

¶ 24    The statute states that the "time within which any act provided by law is to be done" must not end on a weekend or holiday. 5 ILCS 70/1.11 (West 2008). If the final date does fall on a weekend or holiday, it "shall be excluded" from the calculation of the time period, and the proper date on which the expiration falls is the first day following a weekend or holiday. 5 ILCS 70/1.11 (West 2008). In other words, the expiration of a time period within which to

perform an act provided by statute cannot fall on a weekend or holiday. We properly interpreted the Statute on Statutes in *Glohry* when we stated that "[w]hen the final day is a [weekend or holiday], *** it is excluded from calculating the time period in which the property may be redeemed." *Glohry*, 2011 IL App (1st) 101966, ¶ 39 (citing 5 ILCS 70/1.11 (West 2006)). Therefore, the Saturday date listed on the section 22-5 notice was not correct because that date and the following date were to be excluded from the calculation of the expiration of the redemption period.

¶ 25                                    C. *Dicta*

¶ 26     Flamm argues that the relevant section of *Glohry*, explaining that the 2008 date was improper because it fell on a Sunday, was *dicta* because it addressed a hypothetical situation. However, this court explained that the Sunday redemption date was incorrect because it had been the intended date of redemption. *Glohry*, 2011 IL App (1st) 101966, ¶¶ 39-40. Flamm cites this court's decisions in *Wolf v. Meister-Neiberg, Inc.*, 194 Ill. App. 3d 727 (1990), and *Larson v. Johnson*, 1 Ill. App. 2d 36 (1953), to argue that "[s]tatements made by a Court regarding a hypothetical situation not present in the case at hand are *dicta*." However, Flamm does not state that we are not bound by *dicta*, and *Wolf* stands for the assertion that *dicta* should not be ignored. *Wolf* differentiates between two types of *dicta*: judicial *dictum* and *obiter dictum*. *Wolf*, 194 Ill. App. 3d at 730. "If a particular rule stated in a case is the expression of opinion upon a point in a case deliberately passed on by the court, it is judicial *dictum* and not *obiter dictum*." *Wolf*, 194 Ill. App. 3d at 730. "On the other hand, *obiter dictum* or *dicta* is an opinion expressed by the court on a legal question casually reached by the court on an issue unrelated to the essence of the controversy or based on hypothetical facts." *Wolf*, 194 Ill. App. 3d at 730 (citing *Larson*, 1 Ill. App. 2d at 40-41). In *Wolf*, this court found that *obiter dictum* may be "persuasive," even if it is not "binding authority." *Wolf*, 194 Ill. App. 3d at 730. Therefore, we do not find Flamm's argument that we must ignore the relevant section of the *Glohry* opinion persuasive. In *Glohry*, we analyzed a situation that is extremely similar to the facts of the case at bar. Even though we addressed the use of a weekend date as the date of expiration as a hypothetical, our analysis remains persuasive to the case at bar.

¶ 27                            D. Requisite Compliance

¶ 28     Flamm argues that *Glohry*'s requirement that the notice be exactly correct "runs counter to the previously established requirement of substantial compliance for Section 22-5." Flamm argues that it has been standard practice in the circuit court of Cook County to require substantial compliance with section 22-5 by citing the hearing transcript before the trial judge. At the hearing, the trial judge stated that "everybody on the 17th floor at the [Daley] Center for the last 40 years said [that section] 22-5 was substantial compliance" and that *Glohry* was "the first case that has ever said strict compliance." The trial judge did not mention supreme or appellate court cases which held that section 22-5 required anything less than the accurate date. Furthermore, in Flamm's argument that the law allows for substantial compliance with statutes, he did not cite a single case that pertains to *section 22-5*. *Jones v.*

-7-

*Industrial Comm'n*, 188 Ill. 2d 314, 323 (1999) (broadly interpreting a section of the *Workers' Compensation Act* so as not to defeat the intention of the Act or the beneficial results thereof); *Bergman v. Vachata*, 347 Ill. App. 3d 339, 345 (2004) (holding that substantial compliance can satisfy a mandatory section of the *Election Code*); *First National Bank v. Effingham-Clay Service Co.*, 261 Ill. App. 3d 890, 891, 893 (1994) (finding a description of a security interest in a notice given to a merchant, rather than filed with the county records, was sufficient to satisfy the *Illinois Uniform Commercial Code*, even though the notice did not list the county in which the property was located or provide a "reasonable description" of the property); *Reese v. Village of Arlington Heights*, 204 Ill. App. 3d 129, 133 (1990) (finding that a complaint alleging violations of the *Local Governmental and Governmental Employees Tort Immunity Act* was sufficient because, even though it did not include the address of the claimant, the notice included the address of the attorney who filed the complaint, thus providing the defendant with adequate information with which it may contact the claimant).

¶ 29    Flamm, again without citing to any supreme or appellate court cases concerning the requisite compliance with section 22-5, argues that "many judges of the Circuit Court have considered the issue [of whether section 22-5 requires strict compliance], and every one of them concluded that Section 22-5 required only 'substantial compliance' with its terms," including the trial judge in *Glohry*. Our analysis, however, is guided by the decisions of reviewing courts, and the only reviewing court case dealing with the level of compliance required for proper section 22-5 notice that Flamm cites is *Glohry*. Therefore, we follow the analysis set forth in *Glohry*, which we find instructive.

¶ 30    Flamm next argues that the General Assembly did not intend to require that tax purchasers strictly comply with section 22-5 because section 22-40 states that "[t]he court shall insist on strict compliance with Section 22-10 through 22-25." Flamm argues that the General Assembly deliberately did not include section 22-5 in the list of sections requiring strict compliance. Section 22-5 reads as follows: "In order to be entitled to a tax deed, *** the purchaser *** *shall* deliver to the county clerk a notice to be given to the party in whose name the taxes are last assessed *** in the following form completely filled in." (Emphasis added.) 35 ILCS 200/22-5 (West 2008). Section 22-5 then provides the exact form that the notice shall take. In contrast, section 22-10 reads as follows: "A purchaser or assignee *shall not* be entitled to a tax deed to the property sold *unless* *** he or she gives notice of the sale and the date of expiration of the period of redemption to the owners, occupants, and parties interested in the property, including any mortgagee of record, as provided below." (Emphases added.) 35 ILCS 200/22-10 (West 2008). We find that the different use of language by the legislature is essential to the determination of this case. The language of section 22-5 states that tax purchasers "shall" provide notice to be entitled to a tax deed. 35 ILCS 200/22-5 (West 2008). The use of the word "shall" indicates an intent to impose a mandatory obligation. See *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 194 (2009) (holding that the General Assembly's use of "shall" in directing convicted sex offenders to register with the government imposes a mandatory obligation to do so). In section 22-10, by contrast, the statute states that tax purchasers "shall not" be entitled to a tax deed unless they perform an act. The clause following the word "unless" does not use the word "shall." The negative

clause, "shall not," coupled with the lack of "shall" following "unless," renders section 22-10 more ambiguous than the straightforward section 22-5. As a result, we find that it was logical for the General Assembly to include the clause in section 22-40 directing that sections 22-10 through 22-25 be subject to strict compliance[2] to clear up any resulting ambiguity. The language of section 22-5 does not have the same ambiguity, and the inclusion of language specifically directing strict compliance would therefore be unnecessary.

¶ 31    In addition, the language of section 22-5 was considered ambiguous when this court addressed this same matter in *Glohry*. In *Glohry*, the petitioner made the same argument that Flamm makes here, that section 22-40's exclusion of section 22-5 indicates that strict compliance is not required for section 22-5. *Glohry*, 2011 IL App (1st) 101966, ¶ 26. We found in *Glohry* that the prefatory language of section 22-5, which reads " '[i]n order to be entitled to a tax deed *** the purchaser or his or her assignee shall,' " is very similar to the prefatory language of section 22-10, which reads " '[a] purchaser or assignee shall not be entitled to a tax deed to the property sold unless.' " *Glohry*, 2011 IL App (1st) 101966, ¶ 26 (quoting 35 ILCS 200/22-5, 22-10 (West 2008)). We further found that such language indicates that tax purchasers must strictly comply with the requirements of the sections, as the language states that purchasers *shall* do a specific action before being *entitled* to a tax deed. *Glohry*, 2011 IL App (1st) 101966, ¶ 26. However, if we were to read the prefatory language as requiring strict compliance, that would appear to render the explicit language in section 22-40 that section 22-10 requires strict compliance superfluous. *Glohry*, 2011 IL App (1st) 101966, ¶¶ 26-27. We then determined in *Glohry* that these contradictions appeared to create an ambiguity in the Property Tax Code, and the court analyzed the legislative history of the relevant Property Tax Code sections to resolve the ambiguity. *Glohry*, 2011 IL App (1st) 101966, ¶ 27.

¶ 32    "The tax deed provision has not always expressly required " 'strict compliance' " with [the] pre-expiration notice provision." *Glohry*, 2011 IL App (1st) 101966, ¶ 29 (citing Ill. Rev. Stat. 1909, ch. 120, ¶¶ 216, 219; Hurd's Rev. Stat. 1905, ch. 120, ¶¶ 216, 219; Ill. Rev. Stat. 1881-82, ch. 120, ¶¶ 216, 219). Notwithstanding the absence of such language, our supreme court held that strict compliance with this notice requirement was required. *Glohry*, 2011 IL App (1st) 101966, ¶ 29 (citing *Clark v. Zaleski*, 253 Ill. 63, 74 (1911), and *Bailey v. Smith*, 178 Ill. 72, 74 (1899)). "Our supreme court also recognized that the statute was enacted to carry out the mandate of the Illinois Constitution." *Glohry*, 2011 IL App (1st) 101966, ¶ 29 (citing *Gaither v. Lager*, 2 Ill. 2d 293, 299 (1954)). In *Glohry*, we then quoted article IX, section 5, of the constitution of 1870:

    " 'The right of redemption from all sales of real estate for the non-payment of taxes or

_____

[2]Sections 22-15, 22-20, and 22-25 do not use the same type of negative clause used in section 22-10. However, section 22-15 states that purchasers "shall give the notice required by Section 22-10." 35 ILCS 200/22-15 (West 2008). Section 22-20 concerns the procedure for serving notice under section 22-15. 35 ILCS 200/22-20 (West 2008). Section 22-25 also bases the notice required on the form of section 22-10. 35 ILCS 200/22-25 (West 2008). Their inclusion as a group in section 22-40 is therefore logical, as these sections depend on each other and refer to the language of previous sections.

special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof. And the general assembly shall provide by law for reasonable notice to be given to the owners or parties interested, by publication or otherwise, of the fact of the sale of the property for such taxes or assessments, and when the time of redemption shall expire: *Provided*, that occupants shall in all cases be served with personal notice before the time of redemption expires.' " *Glohry*, 2011 IL App (1st) 101966, ¶ 29 (quoting Ill. Const. 1870, art. IX, § 5).

We also quoted in *Glohry* the Illinois Constitution of 1970, which states that " '[o]wners, occupants and parties interested shall be given reasonable notice of the sale and the date of expiration of the period of redemption as the General Assembly provides by law.' " *Glohry*, 2011 IL App (1st) 101966, ¶ 29 (quoting Ill. Const. 1970, art. IX, § 8(e)).

¶ 33      "In July 1967, the General Assembly amended the tax deed provision by adding that 'the court shall insist on strict proof of notice.' " *Glohry*, 2011 IL App (1st) 101966, ¶ 30 (quoting *In re Application of County Collector*, 66 Ill. App. 3d 437, 445 (1978), and citing 1967 Ill. Laws 2134). "Regrettably, transcripts of the legislative history from this time period are unavailable." *Glohry*, 2011 IL App (1st) 101966, ¶ 30 (citing *Hoffman Estates Professional Firefighters Ass'n v. Village of Hoffman Estates*, 305 Ill. App. 3d 242, 251 (1999)). The transcripts of legislative debates first became available in 1971. *Glohry*, 2011 IL App (1st) 101966, ¶ 30 (citing *Hoffman Estates*, 305 Ill. App. 3d at 251). "It appears however, that this amendment did not change the law regarding the standard of compliance required for the pre-expiration notice but, rather, memorialized what was already understood." *Glohry*, 2011 IL App (1st) 101966, ¶ 30. "In 1970, the tax deed provision was amended to specify that '[t]he court shall insist on strict compliance with the provisions of Section 263 of this Act,' section 263 being the pre-expiration notice provision." *Glohry*, 2011 IL App (1st) 101966, ¶ 30 (quoting Pub. Act 76-2329 (eff. July 1, 1970) (amending Ill. Rev. Stat. 1967, ch. 120, ¶ 747), and citing Ill. Rev. Stat. 1969, ch. 120, ¶¶ 744, 747, and Ill. Rev. Stat. 1971, ch. 120, ¶¶ 744, 747).

¶ 34      "Several years later, the post-sale notice provision was enacted." *Glohry*, 2011 IL App (1st) 101966, ¶ 31 (citing Pub. Act 79-1455 (eff. Sept. 30, 1976) (adding Ill. Rev. Stat. 1977, ch. 120, ¶ 722a)). "In contrast to the pre-expiration notice provision, this new provision stated that a purchaser or his assignee shall not be entitled to a tax deed unless he delivered the notice provided for therein within six months after a sale." *Glohry*, 2011 IL App (1st) 101966, ¶ 31 (citing Pub. Act 79-1455 (eff. Sept. 30, 1976) (adding Ill. Rev. Stat. 1977, ch. 120, ¶ 722a)). "Thus, this new notice was to be given prior to the pre-expiration notice and was also to be delivered to the county clerk to be given to the party in whose name the taxes were last assessed." *Glohry*, 2011 IL App (1st) 101966, ¶ 31 (citing Pub. Act 79-1455 (eff. Sept. 30, 1976) (adding Ill. Rev. Stat. 1977, ch. 120, ¶ 722a)). "Representative Samuel Maragos stated that the purpose of the tax deed procedures was to ensure that 'any home owner whose property is being taken away by the foreclosure procedures of a tax deed that he be given additional time and notice.' " *Glohry*, 2011 IL App (1st) 101966, ¶ 31 (quoting 79th Ill. Gen. Assem., House Proceedings, June 7, 1976, at 33 (statements of Representative Maragos)). "In addition to adding the post-sale notice provision, this public act increased the

redemption period under certain circumstances and made certain changes to the manner of notice provided for in the pre-expiration notice provision." *Glohry*, 2011 IL App (1st) 101966, ¶ 31. "Notably, the tax deed provision was not amended by this public act." *Glohry*, 2011 IL App (1st) 101966, ¶ 31.

¶ 35    "Shortly thereafter, the post-sale notice provision was amended to provide the current redemption amount to the tax assessee." *Glohry*, 2011 IL App (1st) 101966, ¶ 32 (citing Pub. Act 80-1006 (eff. Oct. 1, 1977) (amending Ill. Rev. Stat. 1977, ch. 120, ¶ 722a)). "The provision also required the notice to inform the assessee that the redemption amount 'is subject to increase at six month intervals from the date of sale' and that the assessee was to contact the county clerk regarding the precise amount owed prior to redeeming." *Glohry*, 2011 IL App (1st) 101966, ¶ 32 (quoting Pub. Act 80-1006 (eff. Oct. 1, 1977) (amending Ill. Rev. Stat. 1977, ch. 120, ¶ 722a)). "In addition, notice was now required to be given to the assessee within five months, rather than six months, of the sale. Thus, it is clear that the legislature's goal was to provide all necessary information to the owner to assist and encourage a tax assessee to redeem his property." *Glohry*, 2011 IL App (1st) 101966, ¶ 32. "The post-sale notice provision was the only provision amended by this public act." *Glohry*, 2011 IL App (1st) 101966, ¶ 32. "Following the enactment and amendment of the post-sale notice provision, any amendments to the tax deed provision were merely technical in nature or otherwise made changes that were unrelated to the 'strict compliance' language." *Glohry*, 2011 IL App (1st) 101966, ¶ 32.

¶ 36    "Finally, the Revenue Act of 1939 was repealed and its provisions were recodified under the Code. Pub. Act 88-455 (eff. Jan. 1, 1994) (repealing 35 ILCS 205/241a, 263, 266 (West 1992), enacting 35 ILCS 200/22-5 *et seq.* (West 1994))." *Glohry*, 2011 IL App (1st) 101966, ¶ 33. "The public act reorganized certain provisions but was not intended to make any substantive changes." *Glohry*, 2011 IL App (1st) 101966, ¶ 33 (citing 88th Ill. Gen. Assem., Senate Proceedings, April 22, 1993, at 286, and 88th Ill. Gen. Assem, House Proceedings, May 21, 1993, at 120, 165). "The post-sale notice requirement (35 ILCS 205/241a (West 1992)) simply became section 22-5 (35 ILCS 200/22-5 (West 1994))." *Glohry*, 2011 IL App (1st) 101966, ¶ 33. "In contrast, the single statutory section that had embodied the pre-expiration notice provision as well as related matters (35 ILCS 205/263 (West 1992)) was divided and recodified into multiple sections (35 ILCS 200/22-10, 22-15, 22-20, 22-25 (West 1994))." *Glohry*, 2011 IL App (1st) 101966, ¶ 33. "The former tax deed provision (35 ILCS 205/266 (West 1992)) was similarly divided and recodified into several sections (see 35 ILCS 200/22-30, 22-40, 22-45, 22-55 (West 1994))." *Glohry*, 2011 IL App (1st) 101966, ¶ 33. "Notably, the requirement of strict compliance with the pre-expiration notice provision formerly found in section 263 was included in section 22-40." *Glohry*, 2011 IL App (1st) 101966, ¶ 33. "In place of the now-repealed section 263, section 22-40 stated that '[t]he court shall insist on strict compliance with Section 22-10 through 22-25,' *i.e.*, those sections which were formerly embodied in section 263." *Glohry*, 2011 IL App (1st) 101966, ¶ 33 (quoting 35 ILCS 200/22-40 (West 1994)).

¶ 37    As we determined in *Glohry*, we find that this review of the legislative history supports the position that strict compliance was intended by the legislature. *Glohry*, 2011 IL App (1st) 101966, ¶ 34. "The General Assembly transcripts confirm that the purpose of the section 22-

-11-

5 post-sale notice provision was to provide a tax assessee, who is usually the property owner, with additional notice which conveys all necessary information." *Glohry*, 2011 IL App (1st) 101966, ¶ 34. "To achieve this goal, the legislature has indicated that a tax purchaser will not be entitled to a tax deed unless he gives the notice required." *Glohry*, 2011 IL App (1st) 101966, ¶ 34. "Permitting a tax purchaser to be entitled to a deed despite not fully complying with section 22-5 would defeat the legislature's intent." *Glohry*, 2011 IL App (1st) 101966, ¶ 34.

¶ 38                                      E. Notice Was Correct

¶ 39       Flamm next argues that even if strict compliance is required, the section 22-5 notice was properly completed. Flamm argues that this court in *Glohry* found that "the tax purchaser should know that a redemption period expiring on a weekend or holiday allows the property owner to make a redemption on the following Monday." This is not what *Glohry* stands for. As we explained, the redemption period *cannot* expire on a weekend or holiday. The Statute on Statutes states that if a time period within which to satisfy a statute ends on a weekend or holiday, "it is *excluded* from calculating the time period," and the time period ends on the following nonweekend, nonholiday date. (Emphasis added.) *Glohry*, 2011 IL App (1st) 101966, ¶ 39 (citing 5 ILCS 70/1.11 (West 2006)). Flamm's argument that the redemption period expired on a weekend, but that parties were still allowed to make a redemption on the following Monday, is therefore incorrect; the redemption period did not, and cannot, expire on a weekend. The only proper notice date was the following Monday, and that date was not included in the notice.

¶ 40                                      F. Balance of Interests

¶ 41       Finally, Flamm argues that the "Property Tax Code strikes a delicate balance between the necessity of collecting real estate taxes and the rights of interested parties," and that interpreting section 22-5 to require strict compliance will upset that balance. Flamm argues that the General Assembly's express requirement in section 22-40 that sections 22-10 through 22-25 be subject to strict compliance was meant to protect "the rights of interested parties not to lose their property without due process and adequate notice." Flamm argues that, by contrast, the General Assembly's "intentional failure" to include express language requiring strict compliance for section 22-5 "reflects an understanding of the crude nature of that notice and that no party will lose title as a result of that notice." Flamm does not cite any authority to support his balance-of-interests argument. "A point raised in a brief but not supported by citation to relevant authority fails to satisfy the requirements of Supreme Court Rule 341(e)(7) [now Rule 341(h)(7)] and is therefore forfeited." *People v. Ward*, 215 Ill. 2d 317, 332 (2005).

¶ 42       Flamm also argues that, if an interested party were before this court arguing that the tax deed application should be denied because of defects in the section 22-5 notice, the party would be entitled to a presumption of prejudice. See *Glohry*, 2011 IL App (1st) 101966, ¶ 40 (citing *In re Application of the County Collector*, 295 Ill. App. 3d 703, 708 (1998) (holding that, under strict compliance, prejudice is presumed when the date is erroneous)). Flamm

implicitly argues that because no party has argued that the application should be denied, there can be no prejudice.

¶ 43 As we have stated, Flamm's argument that the lack of an objecting party renders sufficient an otherwise insufficient notice is not persuasive. Regarding Flamm's balance-of-interests argument, we are not persuaded that strict compliance will overly burden a tax purchaser's interests. As we held in *Glohry*, consulting a calendar to determine the proper date is a "minuscule burden" that will "not deter individuals from becoming tax purchasers." *Glohry*, 2011 IL App (1st) 101966, ¶ 40.

¶ 44                                    CONCLUSION

¶ 45 Section 22-5 of the Property Tax Code imposes a minimal burden on tax purchasers to provide parties with an interest in property the correct notice regarding the exact due date when the redemption period expires, excluding weekends and holidays. This court's decision in *Glohry* properly interpreted the requirements of section 22-5, and, as a result, the trial court's decision must be affirmed.

¶ 46 Affirmed.