2015 IL App (1st) 143202

THIRD DIVISION
September 9, 2015

No. 1-14-3202

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| DR. DONNA SIMPSON LEAK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| BOARD OF EDUCATION OF RICH | ) | |
| TOWNSHIP HIGH SCHOOL DISTRICT | ) | No. 2013 CH 15743 |
| 227, RICH TOWNSHIP HIGH SCHOOL | ) | |
| DISTRICT 227, CHERYL COLEMAN, | ) | |
| DR. DAVID MORGAN, ANTOINE | ) | |
| BASS and DR. DELORES WOODS, | ) | The Honorable |
| | ) | Kathleen M. Pantle |
| Defendants-Appellees. | ) | Judge, presiding. |
| | ) | |

JUSTICE LAVIN delivered the judgment of the court, with opinion.
Justices Pucinski and Hyman concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal arises from the trial court's order granting, in part, a section 2-619.1 motion

to dismiss filed by defendants Board of Education of Rich Township High School District 227

(Board), Rich Township High School District 227 (District), Cheryl Coleman, Dr. David

Morgan, Antoine Bass and Dr. Delores Woods (collectively defendants) against plaintiff Dr.

Donna Simpson Leak (735 ILCS 5/2-619.1 (West 2012)). On appeal, plaintiff contends that the trial court erred in dismissing her claim for declaratory judgment because plaintiff was authorized by section 13A-4 of the Illinois School Code (105 ILCS 5/13A-4 (West 2012)) to administratively transfer students to alternative schools without Board hearings. In addition, plaintiff contends that the trial court erroneously dismissed her claim for breach of contract because defendants' affirmative matter did not negate her due process and breach of contract claims. We affirm.

¶ 2                               BACKGROUND

¶ 3      We recite only those facts necessary to understand the issues raised on appeal. The Board employed plaintiff as superintendent of the District from July 1, 2010, to June 30, 2013. On June 19, 2012, the Board and plaintiff entered into a multi-year, performance-based employment contract that was to be effective from June 19, 2012, to June 30, 2017. In March 2013, six of the seven Board members rated plaintiff's annual job performance as excellent. Shortly thereafter, the Board held an election and a new majority was elected, comprised of the Board member defendants. Newly elected Board president Coleman directed the Board's legal counsel to inform plaintiff on two separate occasions that Coleman wanted plaintiff to resign because Coleman had a number of concerns regarding plaintiff's employment. Plaintiff refused and the Board held a closed executive session to discuss plaintiff's termination. After the meeting, at which plaintiff and her legal counsel were present, the Board majority openly voted to suspend plaintiff without pay because her contract was null and void. A resolution of charges was adopted against plaintiff stemming from the improper sanction of the administrative counsel's transfer of students to alternative schools without Board approval. Plaintiff then filed a

seven-count complaint against defendants, which caused the Board to rescind its prior vote and hold a hearing on the issue of plaintiff's termination.

¶ 4      At the hearing, the Board presented documented evidence that plaintiff transferred 48 disruptive students to alternative schools without Board action, violating section 10-22.6 of the School Code (105 ILCS 5/10-22.6 (West 2012)), which grants the Board exclusive expulsion power. Therefore, the Board voted to terminate plaintiff's employment contract for cause. In response, plaintiff filed a second-amended complaint, in pertinent part, Count I sought a declaratory judgment that there was no cause for her termination because section 13A-4 of the School Code (105 ILCS 5/13A-4 (West 2012)) and prior actions by the District authorized the transfer of students without Board action. In addition, plaintiff sought a declaration removing defendant Board members from making any determination about the validity of her contract. Furthermore, count III alleged that the Board violated plaintiff's contract by dismissing her in an "arbitrary, capricious and unreasonable manner." Defendants then moved to dismiss the second-amended complaint pursuant to section 2-619.1 (735 ILCS 5/2-619.1 (West 2012)).

¶ 5      After full briefing and oral arguments, the trial court granted defendants' motion to dismiss in part, including Count I and Count III. The trial court reviewed the School Code (105 ILCS 5/1-1 *et seq.* (West 2012)) and determined that only the Board had the authority to expel students. Therefore, since plaintiff transferred students to alternative schools for more than 10 days, her actions constituted expulsions. The trial court also rejected plaintiff's contention regarding the potential bias of the defendant Board members because plaintiff's termination was for cause. The trial court noted that plaintiff should have been aware that the Board did not have the power to delegate the authority to expel students.

¶ 6     Subsequently, plaintiff filed a motion to reconsider, contending that the trial court erred in finding cause for her termination under the School Code (*Id.*).  Plaintiff also contended that dismissal with prejudice was unwarranted because the facts alleged in her second-amended complaint supported a breach of contract claim based on a purported "good faith" provision and a separate constitutional due process claim.  Accordingly, the trial court denied plaintiff's motion to reconsider, noting that since plaintiff had failed to raise a good-faith breach of contract claim and due process claim in response to the motion to dismiss, the court did not have to rule on the applicability of these theories.  The court did, however, determine that the complaint failed to state a due process claim because due process only required notice and an impartial hearing, which plaintiff had received.  In addition, the trial court concluded that defendants did not act arbitrarily or capriciously because there was cause for plaintiff's termination.  We affirm.

¶ 7                             ANALYSIS

¶ 8     Plaintiff contends that the trial court erred in dismissing her count for a declaratory judgment because she was authorized by section 13A-4 of the School Code (105 ILCS 5/13A-4 (West 2012)) to administratively transfer students to alternative schools without a Board hearing, and thus, there was no cause for her termination.  A motion to dismiss under section 2-619 of the Code of Civil Procedure admits the legal sufficiency of the complaint, but asserts an affirmative defense that defeats the claim.  735 ILCS 5/2-619 (West 2012); *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006).  When reviewing a section 2-619 motion to dismiss, we must consider whether a genuine issue of material fact exists which precludes dismissal and whether an affirmative matter negates the plaintiff's cause of action completely or refutes critical conclusions of law or conclusions of material unsupported fact.  *Turner v. 1212 S.*

*Michigan Partnership*, 355 Ill. App. 3d 885, 892 (2005). Our review under under section 2-619 is *de novo*. *Brooks v. McLean County District Unit No. 5*, 2014 IL App (4th) 130503, ¶ 14.

¶ 9    We must first construe the applicable statutes in order to determine whether plaintiff was authorized to transfer students to the alternative school for over 10 days without Board approval. A reviewing court's primary objective in performing statutory construction is to give effect to the legislature's intent. *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (1st) 130103, ¶ 9. The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. *Id.* Reviewing courts should consider a statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it, and avoiding constructions that would render any term meaningless or superfluous. *Fisher v. Waldrop*, 221 Ill. 2d 102, 112 (2006). Furthermore, reviewing courts have a duty to construe a statute in a manner that upholds its validity and constitutionality. *Id.*

¶ 10    Section 13A-4 of the School Code states, in pertinent part, that "[a] student who is determined to be subject to suspension or expulsion in the manner provided by Section 10-22.6 *** may be immediately transferred to the alternative program." 105 ILCS 5/13A-4 (West 2012). Section 10-22.6 provides various manners in which a student may be expelled or suspended. A student guilty of "gross disobedience or misconduct" may be expelled

> "only after the parents have been requested to appear at a meeting of the board, or with a hearing officer appointed by it, to discuss their child's behavior. Such request shall be made by registered or certified mail and shall state the time, place and purpose of the meeting. The board, or a hearing officer appointed by it, at such meeting shall state the reasons for dismissal and the date on which the expulsion is to become effective. If a hearing officer is appointed by the board he shall report to the board a written summary

5

of the evidence heard at the meeting and the board may take such action thereon as it finds appropriate. An expelled pupil may be immediately transferred to an alternative program in the manner provided in Article 13A or 13B of this Code." 105 ILCS 5/10-22.6(a) (West 2012).

In the alternative,

"[t]he board may by policy authorize the superintendent of the district or the principal, assistant principal, or dean of students of any school to suspend pupils guilty of such acts *for a period not to exceed 10 school days*. If a pupil is suspended due to gross disobedience or misconduct on a school bus, the board may suspend the pupil in excess of 10 school days for safety reasons. *** The school board must be given a summary of the notice, including the reason for the suspension and the suspension length." (Emphasis added.) 105 ILCS 5/10-22.6(b) (West 2012).

¶ 11    When read in their entirety, the provisions of the School Code at issue establish an intent by the legislature to only expel students "after the parents have been requested to appear at a meeting of the board, or with a hearing officer appointed by it." 105 ILCS 5/10-22.6(a) (West 2012). And while section 13A-4 authorizes a superintendent to administratively transfer students to alternative schools who are eligible for suspension or expulsion without a hearing (105 ILCS 5/13A-4 (West 2012)), the School Code explicitly limits this power. Section 10-22.6(b) only allows a superintendent to suspend a student for up to 10 days, thus any length of time exceeding the 10 days is tantamount to an expulsion, requiring a board hearing. 105 ILCS 5/10-22.6(b) (West 2012).

¶ 12    Here, there is no evidence in the record to suggest that the students at issue were transferred for 10 days or less. We do not believe our legislature intended to violate the due

process rights of our State's students by allowing them to be indefinitely transferred to alternative schools without any action by their school district's board. See *Colquitt v. Rich Township High School District No. 227*, 298 Ill. App. 3d 856, 864 (1998) (recognizing that a student's entitlement to a public education is of great significance, especially when expulsion proceedings jeopardize that interest for lengthy periods of time). A student's interest in remaining at his high school and not being forced to attend an alternative school for an extended period of time is of great significance, and thus, transferring a student without a board hearing jeopardizes this interest. See *Stratton v. Wenona Community Unit District No. 1*, 133 Ill. 2d 413, 432 (1990) (students' entitlement to public education is a property interest which is protected by due process guarantees, which may not be arbitrarily taken away without adherence to minimal procedural safeguards); see also *Betts v. Board of Education of the City of Chicago*, 466 F.2d 629, 630 (7th Cir. 1972) (transfer of a student to a non-traditional public school for an extended period of time is tantamount to an expulsion, which requires giving the student and parent an opportunity to present a mitigative argument); *Hughes v. Board of Education of the Argo Community High School District*, No. 2009 WL 375026 (N.D. Ill. 2009) (recognizing that a long-term placement to an alternative school is tantamount to an expulsion, which first requires notice and a hearing). It is undisputed that plaintiff administratively transferred students without board hearings for extended periods of time and nothing in the record suggests that these students were given any other form of a meaningful opportunity to be heard. Accordingly, plaintiff acted outside the scope of her authority prescribed in the School Code and the trial court did not err in finding cause for her termination.

¶ 13    Plaintiff next contends that the trial court erroneously dismissed her claim for breach of contract because defendants' affirmative matter did not negate her due process and breach of

contract claims. We initially observe that in its denial of plaintiff's motion to reconsider, the trial court noted that plaintiff failed to properly state a good faith contract claim and a constitutional due process claim until her motion to reconsider. The trial court did, however, address these contentions in its ruling and we will do so here.

¶ 14 Plaintiff specifically contends that the trial court erroneously dismissed plaintiff's breach of contract claim because there was a question of fact as to whether the Board acted in an arbitrary and capricious manner when it terminated plaintiff, thus violating the good faith provision in plaintiff's contract. The cardinal rule of contract interpretation is to give effect to the parties' intent, which is to be discerned from the contract language. *Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill. 2d 141, 153 (2004). Where the contract language is unambiguous, it should be given its plain and ordinary meaning. *Virginia Surety Co., Inc. v. Northern Insurance Co. of New York*, 224 Ill. 2d 550, 556 (2007). A court must construe a contract according to its own language, not according to the parties' subjective constructions. *William Blair & Co., v. FI Liquidation Corp.*, 358 Ill. App. 3d 324, 335 (2005). A court cannot alter, change or modify existing terms of a contract, or add new terms or conditions to which the parties do not appear to have assented. *Thompson v. Gordon*, 241 Ill. 2d 428, 449 (2011). Disputes involving the exercise of good faith arise when one party is given broad discretion in performing its obligations under the contract. *Dayan v. McDonald's Corp.*, 125 Ill. App. 3d 972, 990 (1984). The covenant of good faith requires that a party vested with contractual discretion exercise that discretion reasonably, not arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectation of the parties. *Continental Mobile Telephone Co. v. Chicago SMSA Ltd. Partnership*, 225 Ill. App. 3d 317, 324 (1992). Parties to a contract are entitled to enforce the terms of the contract to the letter and an implied covenant of good faith cannot overrule or

modify the express terms of a contract. *Resolution Trust Corp. v. Holtzman*, 248 Ill. App. 3d 105, 113 (1993).

¶ 15    Section 9D of plaintiff's employment contract states:

> "Discharge for cause. 'For cause' shall mean for any conduct, act, or failure to act by the SUPERINTENDENT which is detrimental to the best interests of the School District. Reasons for discharge for cause shall be given in writing to the SUPERINTENDENT, who shall be entitled to notice and a hearing before the BOARD to discuss such causes. If the SUPERINTENDENT chooses to be accompanied by legal counsel, she shall bear any costs therein involved. The BOARD hearing shall be conducted in a closed session. The BOARD will not arbitrarily or capriciously call for the dismissal of the SUPERINTENDENT."

¶ 16    Here, the Board was not given broad discretion under plaintiff's employment contract. The Board had limited power to only dismiss plaintiff in situations where her actions were *detrimental to the best interests* of the District. Thus, the employment contract itself provided plaintiff considerable protection against arbitrary and capricious actions by the Board. In addition, nothing in the record supports plaintiff's contention that the arbitrary and capricious provision in her contract was in fact a covenant of good faith. And in any event, the Board had actionable cause to terminate plaintiff. Furthermore, although plaintiff contends that the practice of transferring students to alternative schools without a hearing was routinely done for years in the District, this does not negate plaintiff's responsibility. As the superintendant plaintiff was required to know the law and follow the School Code, acting in the best interests of the District. See *Singh v. Department of Professional Regulation*, 252 Ill. App. 3d 859, 868 (1993) ("[i]n general, ignorance of the law does not excuse unlawful conduct); *Chicago Export Packing Co. v.*

*Teledyne Industries, Inc.*, 207 Ill. App. 3d 659, 663 (1990) ("[a] person may not enter into a transaction with his eyes closed to available information and then charge that he has been deceived by another."); *Board of Education v. Rockford Education Ass'n*, 3 Ill. App. 3d 1090, 1093 (1972) (a board of education may not delegate to another party those matters of discretion that are vested in the board by statute). Moreover, even if one were to conclude that the Board defendants had ulterior motives in terminating plaintiff, this does not negate the reasonable basis that existed for her dismissal, making the matter moot.

¶ 17    Finally, plaintiff contends that her due process rights were violated because she did not receive a fair and impartial hearing. At the core of due process is notice and a meaningful opportunity to be heard. *Trettenero v. Police Pension Fund*, 333 Ill. App. 3d 792, 799 (2002). The fundamental concepts of a fair hearing include the (1) opportunity to be heard; (2) right to cross-examine adverse witnesses; and (3) impartiality in rulings upon evidence. *Mahonie v. Edgar,* 131 Ill. App. 3d 175, 179 (1985). An individual challenging the impartiality of an administrative tribunal must overcome a presumption that those serving in such tribunal are fair and honest. *Turcol v. Pension Board of Trustees of Matteson Police Pension Fund*, 359 Ill. App. 3d 795, 804 (2005). To establish bias, "the plaintiff must prove that members of the adjudicating body had to some extent adjudged the facts as well as the law of the case in advance of hearing it." *Id*.

¶ 18    In the case *subjudice*, it is undisputed that plaintiff received notice and a meaningful opportunity to be heard. There is no evidence in the record to suggest plaintiff did not receive an impartial hearing. Plaintiff's mere allegation that the Board was biased is not sufficient to establish an unfair ruling upon the evidence. See *Danko v. Board of Trustees of the City of Harvey Pension Board,* 240 Ill. App. 3d 633, 641 (1992) (there must be more than "the mere

possibility of bias or that the decision maker is familiar with the facts of the case"). Therefore, plaintiff's due process rights were not violated.

¶ 29                                    CONCLUSION

¶ 20   Based on the foregoing, we affirm the judgment of the circuit court of Cook County.

¶ 21   Affirmed.