# Illinois Official Reports

## Appellate Court

*In re Application of the County Treasurer & ex officio County Collector*,
2013 IL App (1st) 130463

| | |
|---|---|
| Appellate Court Caption | *In re* THE APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, for Judgment and Order of Sale Against Lands and Lots Returned Delinquent for Nonpayment of General Taxes for the Year 2006 (Equity One Investment Fund, LLC, Plaintiff-Appellant, v. Harold Williams, Respondent-Appellee). |
| District & No. | First District, Fifth Division<br>Docket No. 1-13-0463 |
| Filed | December 27, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's denial of plaintiff's application for a tax deed following plaintiff's payment of the delinquent real estate taxes on respondent's property was affirmed, since the post-sale notice form plaintiff filed pursuant to the Property Tax Code was not "completely filled in" as required by the Code, and such a deficient notice is not considered to be notice within the meaning of the statute. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-COTD-3155; the Hon. Paul A. Karkula, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Rodney C. Slutzky, of Slutzky & Blumenthal, of Chicago, for appellant.

Michael J. Wilson, of Michael J. Wilson & Associates, P.C., of Chicago, for appellee.

Panel

JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice Palmer concurred in the judgment and opinion.

## OPINION

¶ 1    Equity One Investment Fund, LLC (Equity One), paid the Cook County clerk $10,021.34 to satisfy the delinquent 2006 real estate taxes for property located at 6901 South Euclid Avenue, Chicago, Illinois, 60649, and then petitioned the circuit court for a deed. The property is a two-story brick single-family residence on an oversized lot with a brick detached garage that has a second-story apartment. The property is part of Chicago's South Shore community, in the historic Jackson Park Highlands District, and has been designated as a Chicago Landmark by the city council of Chicago. Homeowner Harold Williams objected to Equity One's petition in part on grounds that a statutorily required notice omitted the name of the municipality in which the property is located and, therefore, the petitioner had not strictly complied with the provision in section 22-5 of the Illinois Property Tax Code (Code) that the notice form be "completely filled in." 35 ILCS 200/22-5 (West 2008). After briefing and oral arguments, the circuit court ruled in favor of homeowner Williams. Equity One appeals, contending the name of the municipality was unnecessary because the notice included the 14-digit property index number or PIN issued by the Cook County clerk.

¶ 2    The following facts and legal principles are pertinent to Equity One's appeal. The delinquent tax sale occurred on August 13, 2008, and within the subsequent "4 months and 15 days" specified by section 22-5 of the Code, Equity One tendered its post-sale notice form to the Cook County clerk on December 18, 2008, for delivery to "the party in whose name the taxes are last assessed." 35 ILCS 200/22-5 (West 2008). Section 22-5 of the Code has been referred to as the post-sale notice provision, in order to distinguish it from other notice provisions in the statute. See *In re Application of the County Treasurer & ex officio County Collector*, 2011 IL App (1st) 101966, 955 N.E.2d 669 (hereinafter *Glohry*). Section 22-5 of the Code specifies that "[i]n order to be entitled to a tax deed," the buyer of delinquent taxes must ("shall") tender to the clerk "the following form completely filled in:"

"TAKE NOTICE

County of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Date Premises Sold . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Certificate No. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Sold for General Taxes of (year) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Sold for Special Assessment of (Municipality)

and special assessment number . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Warrant No. . . . . . . . . . Inst. No. . . . . . . . . .

THIS PROPERTY HAS BEEN SOLD FOR
DELINQUENT TAXES

Property located at . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Legal Description or Permanent Index No. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

This notice is to advise you that the above property has been sold for delinquent taxes and that the period of redemption from the sale will expire on . . . . . . . . . . . . . . .

This notice is also to advise you that a petition will be filed for a tax deed which will transfer title and the right to possession of this property if redemption is not made on or before . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

At the date of this notice the total amount which you must pay in order to redeem the above property is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

YOU ARE URGED TO REDEEM IMMEDIATELY TO
PREVENT LOSS OF PROPERTY

Redemption can be made at any time on or before . . . . . . . . . . by applying to the County Clerk of . . . . . . . . County, Illinois at the County Court House in . . . . . . . ., Illinois.

The above amount is subject to increase at 6 month intervals from the date of sale. Check with the county clerk as to the exact amount you owe before redeeming. Payment must be made by certified check, cashier's check, money order, or in cash.

For further information contact the County Clerk

ADDRESS: . . . . . . . . . . . . . . .

TELEPHONE: . . . . . . . . . . . . . . .

. . . . . . . . . . . . . .

Purchaser or Assignee

Dated (insert date)." 35 ILCS 200/22-5 (West 2008).[1]

---

[1]The current version of the statute includes minor revisions that went into effect in 2012. Under the heading "THIS PROPERTY HAS BEEN SOLD FOR DELINQUENT TAXES," the word "Permanent" became "Property"; under the heading "YOU ARE URGED TO REDEEM IMMEDIATELY TO PREVENT LOSS OF PROPERTY," the phrase "County Court House" became

¶ 3    In the space designated for the property's location, Equity One wrote on its post-sale notice form: "Property Located at: A PARCEL APPROX. 48.12' X 134.33' LOCATED ON THE SOUTHEAST CORNER OF THE INTERSECTION OF 69TH ST. AND EUCLID AVE., in Hyde Park Township in COOK County, Illinois." In the space designated for the legal description of the property or its PIN, Equity One wrote, "Legal Description or Permanent Index No.: 20-24-322-011-000 Volume: 261." Equity One also indicated on the post-sale notice form that the owner could redeem the property by paying $20,014.64 by February 23, 2011. See 35 ILCS 200/21-350 (West 2008) (providing redemption period of at least two years and six months for properties improved with one to six dwelling units). Equity One later extended the redemption period to June 3, 2011.

¶ 4    More than 2½ years after the tax sale, Equity One filed its petition for a tax deed. The statutory form language quoted above reappears almost verbatim in sections 22-10 and 22-25 of the Code, which are sections that provide for a second round of notices known as pre-expiration notices. 35 ILCS 200/22-10, 22-25 (West 2008); *Glohry*, 2011 IL App (1st) 101966, ¶ 28, 955 N.E.2d 669 (distinguishing between post-sale and pre-expiration notices). Section 22-10 requires the buyer of delinquent taxes to notify "the owners, occupants, and parties interested in the property" that the tax sale occurred, the statutory redemption period is expiring in three to six months, and the matter has been set for hearing on a date certain in the circuit court of the county. 35 ILCS 200/22-10 (West 2008); *In re Application of the County Collector of Cook County for Order of Judgment & Sale of Lands Upon Which General Taxes for Five or More Years Are Delinquent*, 173 Ill. App. 3d 814, 817-18, 527 N.E.2d 1038, 1041 (1988) (parties interested in premises that are the subject of a tax sale must be given notice both of the sale and the period in which the property may be redeemed). Sections 22-15 and 22-20 specify that the pre-expiration notices shall be given by personal service and publication and section 22-25 indicates an identical notice must be delivered to the clerk of the circuit court for service from the clerk by certified mail, return receipt requested. 35 ILCS 200/22-15, 22-20, 22-25 (West 2008).

¶ 5    On its section 22-10 and 22-25 pre-expiration notices, Equity One indicated the property at issue was located at "6901 South Euclid Avenue, Chicago, Illinois" (35 ILCS 200/22-10, 22-25 (West 2008)), and these notices were then served by the Cook County sheriff, and delivered and published by the clerk of the circuit court of Cook County.

¶ 6    When there was no redemption, Equity One filed an application on June 9, 2011, for a court order directing the county clerk to issue a tax deed. Williams, however, appeared through counsel and filed an objection and then an amended objection to the petition for a tax deed. It is unclear how and when Williams learned of the tax sale, nonetheless, his appearance was timely. In his amended objection, Williams contended Equity One failed to make diligent inquiry to locate and serve every occupant of the subject premises and that the incomplete address on the section 22-5 post-sale notice form rendered it defective. 35 ILCS 200/20-5 (West 2008). A hearing was convened. The parties stipulated to submit various documents for

"Office of the County Clerk"; and a concluding paragraph which is not relevant here was added. Pub. Act 97-557, § 5 (eff. July 1, 2012).

the court's consideration, such as certified mail receipts and returns of service completed by the local sheriff. Williams, who was born in 1934, and thus was in his seventies during the events at issue, was too ill to attend the hearing. Equity One's owner, John Bridge, testified that Williams' property was one of about 200 properties that the company purchased at the annual tax sale for the 2006 tax year. As we indicated above, the circuit court was persuaded by the argument presented by Williams' attorney, the court denied Equity One's petition for a tax deed and its motion for reconsideration, and this appeal followed.

¶ 7        Equity One contends the property location stated in its post-sale notice was adequate because it included the PIN that appears on a page of the Sidwell Company's cadastral map (cadastral or Sidwell map) that is used in the office of the Cook County clerk. A cadastral map shows property boundaries, subdivision lines, buildings, and related details; is an official register of quantity, value, and ownership of real estate; and is used in apportioning taxes. Merriam Webster's Collegiate Dictionary 159 (10th ed. 1996). The stipulated exhibits included a copy of a Sidwell map page entitled "E ½ SW ¼ Sec. 24-38-14, HYDE PARK TWP." Toward the top right corner of the page are the numbers "38-14-24F" and "20-24," and the latter set of numbers appear in Williams' 14-digit PIN, which is 20-24-322-001-000. This particular map page encompasses 16 city blocks, bounded on the north by East 67th Street, the south by East 71st Street, the west by South Creiger Avenue, and the east by South Jeffrey Boulevard. Williams' city block, which is divided into 24 lots, is labeled with the number 322, and those three digits are also part of Williams' PIN. Equity One contends the property location stated on its allegedly defective section 22-5 post-sale notice is identical to the information on the cadastral map, including the reference to "Hyde Park Twp [Township]" and the absence of the word "Chicago." Equity One argues that section 22-5 of the Code does not specify that the property's address be written on the post-sale notice, only that the notice be "completely filled in," and Equity One concludes that its post-sale notice to homeowner Williams was both complete and accurate, in full compliance with the statute. 35 ILCS 200/22-5 (West 2008).

¶ 8        Williams responds that the location of the property is a critical part of a notice that is intended to convey all necessary information to the property owner so that he or she may redeem the property, that Equity One's notice was incomplete without the municipality name, and that this omission is unacceptable in light of the fact that a delinquent tax purchaser must strictly comply with the notice standard imposed by the Illinois legislature.

¶ 9        Statutory construction is a question of law, and a reviewing court interprets a statute pursuant to its own judgment, independent of, and not deferential to, that of the trial court. *Advincula v. United Blood Services*, 176 Ill. 2d 1, 12, 678 N.E.2d 1009, 1015 (1996).

¶ 10        Case law indicates that the primary purpose of the tax deed system is to coerce tax delinquent property owners to pay their taxes, not to assist others in depriving the true owners of their property. *In re Application of the County Collector*, 295 Ill. App. 3d 703, 710, 692 N.E.2d 1211, 1216 (1998) (hereinafter *Midwest Real Estate Investment*). See also *In re Application of Cook County Collector*, 100 Ill. App. 3d 178, 180, 426 N.E.2d 947, 949 (1981) (hereinafter *Ohr*) (indicating the notice provisions in the tax deed system "are designed for the benefit of citizens and to protect their property from sacrifice"). Section 22-5's specific

purpose is to assist property owners in redeeming their property before interest accumulates and thus requires that the last tax assessee be given early notice and additional time to make arrangements to preserve their property rights. *Glohry*, 2011 IL App (1st) 101966, ¶ 37, 955 N.E.2d 669; *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (1st) 130103, ¶ 34 (hereinafter *Salta Group*). Accordingly, the buyers of delinquent taxes are required to strictly comply with the provisions of the Code in order to be entitled to a tax deed. Strict compliance is a well-settled standard this court reiterated in *Glohry*, in which the post-sale notice indicated the redemption period would expire on a Sunday instead of a weekday as required by statute and in *Salta Group*, in which the delinquent tax buyer prepared a post-sale notice indicating the redemption period would expire on a Saturday. *Glohry*, 2011 IL App (1st) 101966, ¶ 4, 955 N.E.2d 669; *Salta Group*, 2013 IL App (1st) 130103, ¶ 3.

¶ 11    It was undisputed that the property owner in *Glohry* never received the post-sale notice sent by the clerk's office (*Glohry*, 2011 IL App (1st) 101966, ¶ 5, 955 N.E.2d 669), and thus could not credibly argue she was misled by the erroneous redemption expiration date. Nonetheless, under the strict compliance standard it is irrelevant whether any owner, occupant, or other interested party is misled by a defect in a notice. *Glohry*, 2011 IL App (1st) 101966, ¶ 40, 955 N.E.2d 669. A notice which specifies a wrong date is treated as no notice whatsoever within the meaning of the tax deed statute. *Gage v. Davis*, 129 Ill. 236, 240, 21 N.E. 788, 789 (1889). "[E]ssentially, [the] courts assume prejudice to any respondent." *Midwest Real Estate Investment*, 295 Ill. App. 3d at 708, 692 N.E.2d at 1215. This assumption is employed because placing the burden on the respondent to show that he or she was misled would mean that the tax buyer could obtain a tax deed without strictly complying with the statutory notice requirements, which is unacceptable. *Ohr*, 100 Ill. App. 3d at 180, 426 N.E.2d at 949. The *Glohry* court remarked that it would be "absurd" to find that the legislature intended to allow a tax deed petitioner to do anything less than what was specified in the notice statute. *Glohry*, 2011 IL App (1st) 101966, ¶ 40, 955 N.E.2d 669. Therefore, in *Glohry*, even though there was a "trivial-sounding inconsistency" between a Sunday and the following Monday redemption expiration date, the trial and appellate courts enforced the strict compliance standard and rejected the petitioner's application for a tax deed. *Glohry*, 2011 IL App (1st) 101966, ¶ 4, 955 N.E.2d 669.

¶ 12    Subsequently, in *Salta Group*, in which the petitioner's post-sale notice stated a Saturday instead of weekday as the redemption expiration date, no one appeared in the trial court to object to the issuance of a tax deed, but after reading the notice, the judge deemed it to be fatally defective. *Salta Group*, 2013 IL App (1st) 130103, ¶ 5. The appellate court affirmed this decision, stating, "The fact that no one objected to [the] application does not render proper an otherwise improper notice." *Salta Group*, 2013 IL App (1st) 130103, ¶ 20. Furthermore, "a party should not be allowed to issue an incorrect notice then argue that the fact that no one came forward as a result of the incorrect notice nullifies the incorrect nature of the notice." *Salta Group*, 2013 IL App (1st) 130103, ¶ 21.

¶ 13    In *Midwest Real Estate Investment*, the tax buyer received a tax sale certificate that was numbered "91-0025017," but when preparing its various notice forms, the tax buyer omitted the first four digits and listed the certificate number as "25017." *Midwest Real Estate*

*Investment*, 295 Ill. App. 3d at 707, 692 N.E.2d at 1214. No one objected to the issuance of the tax deed and trial judge granted the application. *Midwest Real Estate Investment*, 295 Ill. App. 3d at 704, 692 N.E.2d at 1212. Three days later, however, the property owner moved for leave to appear in the proceedings and objected on grounds that the tax buyer had not "completely filled in" the notice forms. *Midwest Real Estate Investment*, 295 Ill. App. 3d at 707, 692 N.E.2d at 1214. The trial court found this objection persuasive, vacated its prior order, and recalled the tax deed. *Midwest Real Estate Investment*, 295 Ill. App. 3d at 705, 692 N.E.2d at 1213. This was the trial court's ruling despite the fact that the property owner was neither misled nor prejudiced by the omission of the "91-00" prefix, as demonstrated by the fact that he visited the office of the county clerk, obtained an estimate of the exact amount needed to redeem his property, and secured a loan in the amount necessary to redeem, but was delayed by the lending process and did not return to the county clerk before the redemption period ended. *Midwest Real Estate Investment*, 295 Ill. App. 3d at 708, 692 N.E.2d at 1214. On appeal, the tax buyer contended that the omitted numbers were a mere prefix to the essential certificate number and that the sole purpose of displaying the certificate number on the notice forms was to enable the county clerk to identify a particular sale when an interested party inquired by redemption, meaning that the prefix was extraneous information on a pre-expiration notice. *Midwest Real Estate Investment*, 295 Ill. App. 3d at 707, 692 N.E.2d at 1214. The tax buyer also characterized its abbreviated certificate number as a "harmless" error or merely a "typographical or scrivener's error" and contended that "absolute perfection" is not required in the tax deed system. *Midwest Real Estate Investment*, 295 Ill. App. 3d at 707-10, 692 N.E.2d at 1215-16. The courts were unpersuaded. At the beginning of its decision, the appellate court noted that its task was to determine "how the legislature would answer the question, 'How strict is strict?' " *Midwest Real Estate Investment*, 295 Ill. App. 3d at 704, 692 N.E.2d at 1212. After its analysis, the court answered its question, as follows:

> "In closing, we believe that the legislature would respond to our opening query, 'Strict.' We recognize that our decision today may be looked upon as a rigid and legalistic application of the strict compliance language from section 22-40 [of the Code]. However, [this conclusion is consistent with the legislature's apparent intent regarding notices]. Moreover, we view the statute's strict compliance language as a bulwark. By opening the dike to permit any omission–however minute–of statutorily required information, we may unintentionally encourage a flood of litigants seeking case-by-case determinations of the strict compliance boundaries." *Midwest Real Estate Investment*, 295 Ill. App. 3d at 710, 692 N.E.2d at 1216.

¶ 14    We also take guidance from *Ohr*, 100 Ill. App. 3d at 179, 426 N.E.2d at 948, which concerned vacant lots in an unimproved area of the Village of Bridgeview, but the tax buyer's pre-expiration notices mistakenly described the location as the neighboring municipality of Hickory Hills. In this case, the court pointed out that a delinquent tax sale allows the buyer to acquire property at only a small fraction of its market value and that "great injury *** can result from the forfeiture of property rights." *Ohr*, 100 Ill. App. 3d at 180, 426 N.E.2d at 949. The flawed notices were ineffective and did not entitle the petitioner to tax deeds. *Ohr*, 100 Ill. App. 3d at 181, 426 N.E.2d at 950.

¶ 15    Equity One complains that the trial court "creat[ed], out of thin air, unwritten and unknown requirements" when it denied the petition for a tax deed to Williams' property. In light of the statutory language and authority above, we are not persuaded by Equity One's contention that omitting the name of the municipality "Chicago" from the property location but including the property's PIN on the post-sale notice form rendered the notice sufficient. The statutory form, as quoted at the outset of this opinion, provides for the delinquent tax buyer to "completely" state *both* (1) the property's location and (2) then its legal description or PIN. 35 ILCS 200/20-25 (West 2008). There must be strict compliance with the statute and when there are substitutions or omissions on a notice form, the tax buyer is not entitled to a tax deed. We do not need to inquire whether Williams actually received the deficient section 22-5 post-sale notice and suffered any prejudice or confusion as a result of the omission of the city name; prejudice is presumed. We find that Equity One's section 22-5 notice was not in strict compliance with the Code because it did not include the name of the municipality where the residence is located. We find that a property location for purposes of section 22-5 should always include the name of the municipality where the subject property is situated. 35 ILCS 200/22-5 (West 2008). Furthermore, as we summarized above, the statutory form for pre-expiration notices provides for the delinquent tax buyer to again "completely" state *both* (1) the property's location and (2) then its legal description or PIN. 35 ILCS 200/20-10, 20-25 (West 2008). It is telling that Equity One revised the property location for Williams' property when preparing its pre-expiration notices and that this second round of notices included the name of the municipality "Chicago" in the property location. We hold that Equity One's post-sale notice form to Williams was not "completely filled in," as required by our legislature. 35 ILCS 200/20-5 (West 2008). Because a deficient notice is not regarded as any notice within the meaning of the statute, the trial court properly denied the application for a tax deed. Accordingly, we affirm on this basis and decline to reach the parties' additional arguments regarding the trial court's ruling.

¶ 16    Affirmed.