# Illinois Official Reports

## Appellate Court

<div style="border:1px solid">

### *People ex rel. McGuire v. Cornelius*, 2014 IL App (3d) 130288

</div>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE *ex rel*. PATRICK McGUIRE, County Treasurer and *ex officio* County Collector of Will County, Illinois, Plaintiff, v. LORRAYNE M. CORNELIUS; MELVIN R. CORNELIUS; NANCY SCHULTZ VOOTS; WILL COUNTY CLERK; OCCUPANTS; AND UNKNOWN OWNERS OR PARTIES INTERESTED IN SAID LAND OR LOTS, Defendants (DG Enterprises, LLC-Will Tax, LLC, Petitioner-Appellant, v. Vincent F. Cornelius, as Independent Administrator of the Estate of Lorrayne M. Cornelius, Deceased, Respondent-Appellee). |
| District & No. | Third District<br>Docket No. 3-13-0288 |
| Filed<br>Modified upon denial<br>of rehearing | December 19, 2014<br><br>January 23, 2015 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a tax deed case, the trial court properly vacated its order issuing a tax deed to petitioner, since petitioner failed to provide proper notice to respondent by omitting the address and telephone number of the county clerk on the take notice forms. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 11-TX-249; the Hon. Bobbi Petrungaro, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |

Judgment          Affirmed.


Counsel on          Robert S. Krockey and Timothy Clark (argued), both of Krockey,
Appeal              Cernugel, Cowgill & Clark, Ltd., of Joliet, for appellant.

George F. Mahoney (argued), of Mahoney, Silverman & Cross, of Joliet, and Vincent F. Cornelius, of Law Office of Vincent F. Cornelius, of Wheaton, for appellee.


Panel               PRESIDING JUSTICE McDADE delivered the judgment of the court, with opinion
Justice Wright concurred in the judgment and opinion.
Justice Schmidt dissented, with opinion.


**OPINION**

¶ 1      Petitioner, DG Enterprises, LLC-Will Tax, LLC, appeals from an order of the trial court granting the combined motion of respondent, Estate of Lorrayne M. Cornelius, challenging personal jurisdiction under section 2-301 of the Code of Civil Procedure (735 ILCS 5/2-301 (West 2010)) and seeking relief under section 22-45 of the Property Tax Code (the Tax Code) (35 ILCS 200/22-45 (West 2010)) and section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2010)). The trial court concluded that the petitioner failed to fulfill the notice requirements of the Tax Code depriving the court of *in personam* jurisdiction to issue the tax deed for the petitioner. The trial court vacated its previous order of the tax deed issuance to the petitioner. The petitioner appeals, arguing that tax deed cases are *in rem* rather than *in personam* proceedings; thus, the issue is whether the trial court had jurisdiction to issue the tax deed, not whether there was personal jurisdiction. Petitioner further argues that the respondent's combined motion was insufficient to afford her the relief of vacating the tax deed issuance order. In a decision issued December 19, 2014, this court held that this is an *in rem* proceeding but otherwise affirmed the trial court's vacating of the tax deed issuance order.

¶ 2      The petitioner has filed a petition for rehearing noting a discrepancy in dates in the "facts" for prior proceedings and party designations. It also raises three issues with this court's decision: (1) the court misapplied the requirements of section 2-1401 of the Code and section 22-45 of the Tax Code and sustained the order vacating the tax deed issuance order where the respondent cannot sustain its burden of proof; (2) this court elevated rote completion of the form section 22-10 notice into a jurisdictional requirement which is contrary to the statute's plain language and case law; and (3) the court has blurred the line between void orders and voidable orders by relying on the petitioner's lack of strict compliance with the requirements of the notice in section 22-10 of the Tax Code. The petition is denied with slight modification of the opinion. We have corrected the dates of prior proceedings in the "facts." However, as noted on the court's fact sheet as well as in the petitioner's briefs, the petitioner has remained

the petitioner of record and not the respondent. Thus the designations remain unaltered in this decision. The substance of the petitioner's challenges to the court's decision was fully addressed in the original opinion. For further clarification, we include identifying terms for the personal jurisdiction issue and a one-sentence elucidation of the court's concurrent need for subject matter jurisdiction. The trial court's ruling remains affirmed.

¶ 3                                                                                         FACTS

¶ 4         The facts are undisputed. The petitioner purchased the 2007 delinquent real estate taxes for the property known as 716 Henderson Avenue, Joliet, Illinois, from the Will County collector at a public auction on November 6, 2008. On February 4, 2009, in accord with the requirements of section 22-5 of the Tax Code, the petitioner drafted and then requested that the county clerk send by certified mail the completed "Notice of Sale and Redemption Rights" (Take Notice I) form to the respondent. 35 ILCS 200/22-5 (West 2010). This section of the Tax Code specifies that in order to be entitled to a tax deed, the tax purchaser shall tender to the clerk the provided form "completely filled in." 35 ILCS 200/22-5 (West 2010). The form has a section for the tax purchaser to provide the address and telephone number of the county clerk:

> "For further information contact the County Clerk
> ADDRESS: ..........
> TELEPHONE: ........" 35 ILCS 200/22-5 (West 2010).

The petitioner did not include this information in the prepared Take Notice I form sent to the respondent.

¶ 5         After extending the period for redemption from May 6, 2011, to November 4, 2011, as well as identifying other interested parties for the tax deed through a commitment for title insurance order, the petitioner filed its petition for tax deed. The petitioner then requested the county clerk send by certified mail a completed "Notice of Expiration of Period of Redemption" (Take Notice II) form to all of the known interested parties. The required format of Take Notice II in section 22-10 of the Tax Code is nearly identical to that of Take Notice I required in section 22-5 of the Tax Code. 35 ILCS 200/22-5, 22-10 (West 2010). Although the contact information for the county clerk is still a requirement, the petitioner again failed to include it.

¶ 6         The Take Notice II was sent by certified mail by the county clerk and the petitioner also took additional steps to complete personal service on the respondent and all other interested parties. The petitioner enlisted the services of a licensed process server who attempted 11 times to personally serve the respondent and all other interested parties. The petitioner also had the Take Notice II published in the Times Weekly in accordance with section 22-20 of the Tax Code. 35 ILCS 200/22-20 (West 2010).

¶ 7         No redemption from sale was made on or before November 4, 2011, the expiration date.

¶ 8         On November 17, 2011, a hearing was held on the petitioner's application. The trial court ordered issuance of a tax deed to the petitioner. Neither respondent nor any other person with an interest in the property appeared at the hearing.

¶ 9        On March 14, 2012, the respondent filed her appearance through counsel[1] and filed her combined motion objecting to the court's jurisdiction and seeking relief from the judgment ordering the tax deed to issue.

¶ 10       On October 12, 2012, following a hearing, the court granted the respondent's combined motion and vacated its previous order issuing the tax deed to the petitioner. The petitioner's motion to reconsider was denied.

¶ 11       Petitioner appealed.

¶ 12                                    ANALYSIS

¶ 13       On appeal, the petitioner raises two arguments. First, it argues that the court did have jurisdiction to issue the tax deed to the petitioner even though the court found insufficient notice had been given to the respondent. Specifically, the petitioner asserts that this is an *in rem* rather than *in personam* proceeding requiring jurisdiction of the property rather than the respondent. Second, it argues that the respondent's combined motion was insufficient for the relief granted by the trial court. The respondent counters that personal jurisdiction is required in tax deed proceedings and is secured through strict compliance with the Tax Code notice requirements. The respondent further argues that the notices of the tax deed sale and petition for issuance provided by the petitioner to the respondent were defective, rendering the tax deed issuance order void. Thus the respondent claims the combined motion was sufficient as a matter of law. We consider both issues.

¶ 14                                    Jurisdiction

¶ 15       Review of a trial court's ruling on a matter concerning *in personam* jurisdiction is *de novo*, where the trial court held no evidentiary hearing on the motion attacking jurisdiction. *Viktron Ltd. Partnership v. Program Data Inc.*, 326 Ill. App. 3d 111, 116 (2001). However, it is well settled that a tax sale is an *in rem* action. *Smith v. D.R.G., Inc.*, 63 Ill. 2d 31, 35 (1976). A court acquires personal jurisdiction over the property or land after the county collector makes his application for judgment and order of sale. *Id*. See also *In re Application of the County Collector*, 397 Ill. App. 3d 535, 547 (2009) (hereinafter *Devon*); *In re Application of the County Treasurer & ex-officio County Collector of Cook County, Illinois, for Order & Judgment of Sale of Lands & Lots Upon Which All or a Part of the General Taxes For 5 or More Years are Delinquent Pursuant to Section 235a of the Revenue Act of 1939, as Amended*, 194 Ill. App. 3d 721, 724 (1990) (hereinafter *Zadik*). It is the personal jurisdiction over the land itself that gives the court the power to act. *Novak v. Smith*, 197 Ill. App. 3d 390, 395 (1990).

¶ 16       Consequently, the matter presented before the court requiring it to determine whether a party has been given the notice required by section 22-15 of the Tax Code goes to whether the court should order the tax deed to issue and not to whether the court has personal jurisdiction in the proceeding. *Zadik*, 194 Ill. App. 3d at 724. The failure of the tax deed petitioner to give the notices required by statute will neither divest the court of *in rem* jurisdiction nor prevent it from finding that all the necessary notices have been given and directing that a tax deed issue. *In re Application of County Treasurer*, 51 Ill. App. 3d 697, 702 (1977) (hereinafter *Walsh*).

_____

[1]Mrs. Lorrayne Cornelius has died and Vincent Cornelius, as independent administrator of the estate of Lorrayne M. Cornelius, has been substituted as party respondent.

Even if the court erred in finding that proper notice had been given, it is still not divested of *in rem* jurisdiction to decide whether it can or cannot issue the tax deed. *Walsh*, 51 Ill. App. 3d at 702-03. The trial court's ruling regarding *in personam* jurisdiction is error.

¶ 17 Respondent claims that *Devon*'s *in personam* jurisdictional analysis is dispositive. *Devon*, 397 Ill. App. 3d at 548. It is, however, distinguishable on its facts and this court declines to extend it to include matters involving actual attempts of notice to the known property owner. In *Devon*, the court found that the property owner's due process rights were violated because the tax deed petitioner failed to attempt or provide any notice whatsoever of the tax deed purchase or the property owner's redemption rights. *Id.* The tax deed petitioner in that case did not conduct a diligent inquiry to ascertain the identity of all interested parties of the property. *Id.* at 545. He used a significantly insufficient and *expressly* unreliable tract search index, as well as conducted an expanded search of several lots instead of just the property in question. *Id.* at 546. This resulted in his failure to identify the property owner as an interested party and his subsequent failure to provide the property owner with notices required by the Tax Code. *Id.* The court reasoned that because (1) a property owner has interest in the property for purposes of due process and (2) due process requires some notice prior to a governmental taking of an owner's property, as well as the fact that (3) the statutory notices of the Tax Code do comport with due process, the trial court would have to acquire *in personam* jurisdiction when there is a total lack of notice. *Id.* at 548.

¶ 18 In the present case, the Will County collector ordered the property for sale and the property was purchased by the petitioner on November 6, 2010. The trial court acquired *in rem* jurisdiction over the property at issue when the Will County collector made an application for judgment and order of sale. The petitioner adhered to the requirements of the Tax Code in identifying the respondent as a party in interest through a commitment for title insurance order. It also attempted to serve the respondent with Take Notices I and II, as well as employed the use of a licensed process server who attempted 11 times to personally serve the respondent. Notwithstanding the technical defectiveness of the Take Notices I and II, to be discussed later, *in personam* jurisdiction is not required in this case because the property owners were identified and reasonable attempts required by statute were made to serve them with notice.

¶ 19 The trial court's finding that its order issuing a tax deed to the petitioner was void because it lacked *in personam* jurisdiction was erroneous; the defects in the notice did not divest the trial court of *in rem* jurisdiction to resolve the matter.

¶ 20                                 Sufficiency of Combined Motion

¶ 21 Moving now to address the petitioner's challenge to the sufficiency of the combined motion, the respondent argues that she was not given proper notice of the property sale or her redemption rights because the petitioner did not include the county clerk's address and phone number on Take Notices I and II in strict compliance with the Tax Code. Because of this failing under section 22-45(4) of the Tax Code, she claims her prayer for relief in the combined motion was sufficient and the order issuing the tax deed to the petitioner is void. We agree.

¶ 22 Once the trial court has issued a tax deed to a tax deed petitioner it is incontestable except by direct appeal from the order directing the entry of the tax deed or by a petition pursuant to section 2-1401 of the Code. See 35 ILCS 200/22-45 (West 2010). The party seeking to have the tax deed set aside bears the burden of proving its invalidity. *Devon*, 397 Ill. App. 3d at 542. If the trial court grants a section 2-1401 petition after an evidentiary hearing, we review that

judgment under a manifest weight of the evidence standard. *Domingo v. Guarino*, 402 Ill. App. 3d 690, 699 (2010); *S.I. Securities v. Powless*, 403 Ill. App. 3d 426, 440 (2010). However, in *People v. Vincent*, 226 Ill. 2d 1, 14 (2007), the supreme court held that a *de novo* standard of review was appropriate in cases in which the trial court either summarily dismissed the section 2-1401 petition or ruled on the petition based on the pleadings alone, without an evidentiary hearing. *Id.* at 14-18.

¶ 23 In the case at hand, the trial court ruled on the section 2-1401 petition on the pleadings alone. Therefore, we review *de novo* whether the order issuing the tax deed was void and the section 2-1401 petition was properly granted.[2]

¶ 24 A judgment is void when, *inter alia*, the court lacks jurisdiction over the subject matter or the parties. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002). As previously noted, a void judgment may be attacked either directly or collaterally at any time. *Id.* Section 2-1401 of the Code provides a means for collaterally attacking void judgments. 735 ILCS 5/2-1401(a) (West 2010); *Sarkissian*, 201 Ill. 2d at 104.

¶ 25 Section 22-45 of the Tax Code works in conjunction with section 2-1401 of the Code by allowing a party to collaterally attack a tax deed. 35 ILCS 200/22-45 (West 2010); see *Devon*, 397 Ill. App. 3d at 543. As set forth in section 22-45 of the Tax Code, the grounds for relief under section 2-1401 of the Code are limited to: (1) proof that the taxes were paid prior to the sale; (2) proof that the property was exempt from taxation; (3) proof by clear and convincing evidence that the tax deed was procured by fraud or deception; or (4) proof by a person or party holding a recorded ownership or other interest in the property that he was not named as a party in the section 22-20 publication notice and that the tax purchaser did not make a diligent inquiry and effort to serve the person or party with the notices required pursuant to sections 22-10 through 22-30. 35 ILCS 200/22-45 (West 2010). Such a finding on any of these grounds would render the order for the tax deed issuance void.[3]

¶ 26 This court reviews *de novo* the respondent's argument that the notice was insufficient according to section 22-45(4) of the Tax Code. *Vincent*, 226 Ill. 2d at 14. Additionally, we are called upon to resolve a question of statutory interpretation of section 22-10 of the Tax Code in reviewing the trial court's allowance of the section 2-1401 petition. In doing so, we again apply a *de novo* standard of review. *CitiMortgage, Inc. v. Sharlow*, 2014 IL App (3d) 130107, ¶ 14.

¶ 27 The petitioner's argument regarding the respondent's deficiency in complying with the general requirements of section 2-1401 is without merit because "[a] section 2-1401(f) petition alleging voidness is exempt from the general requirements of section 2-1401 petitions, such as alleging a meritorious defense and due diligence." *In re Application of the County Treasurer*, 2012 IL App (1st) 101976, ¶ 31.

---

[2]Only void judgments can be collaterally attacked. *People v. Davis*, 156 Ill. 2d 149, 155-56 (1993). Section 22-45 of the Tax Code provides grounds for relief under section 2-1401 of the Code to collaterally attack judgments issuing tax deeds despite the desired finality of tax deed judgments. Therefore, petitions validly granted under section 22-45 render the judgment issuing the tax deed void.

[3]Petitioner incorrectly relies on *In re Application of the County Collector*, 217 Ill. 2d 1 (2005), and failed to advise the court that the decision in that case has been vacated. *Estate of Lowe v. Apex Tax Investments, Inc.*, 547 U.S. 1145 (2006).

¶ 28    Our courts have long striven to avoid involuntary divesture of property interests. The main purpose of the tax deed process is to compel tax delinquent property owners to pay their taxes, not to assist others in depriving the true owners of their property. *In re Application of the County Collector*, 295 Ill. App. 3d 703, 710 (1998) (hereinafter *Midwest Real Estate Investment*). Thus the tax purchaser must strictly comply with all of the mandatory notice and procedural requirements of the Tax Code regardless of how minute. 35 ILCS 200/22-40 (West 2010); see *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (1st) 130463. "The court shall insist on strict compliance with Section 22-10 through 22-25." 35 ILCS 200/22-40 (West 2010).

¶ 29    The Tax Code requires the petitioner to provide notice to the property owner and other interested parties of the tax sale and the property owner's redemption rights using detailed formats provided directly in the statute. 35 ILCS 200/22-5, 22-10 (West 2010). Sections 22-5 and 22-10 of the Tax Code specifically state that the provided format must be "completely filled in." 35 ILCS 200/22-5, 22-10 (West 2010).

¶ 30    This court has previously noted and upheld the Tax Code requirement of strict compliance. *In re Application of the County Treasurer & ex officio County Collector*, 361 Ill. App. 3d 504, 507 (2005) (hereinafter *H&H Investments*). In *H&H Investments*, the tax deed petitioner failed to provide either proof of publication with a signed certificate of publication by the publisher or an authorized agent and to name the interested party in the publication as required by section 22-20 of the statute. *Id*. at 508. The party was named using its former legal name and this court held that due diligence could have revealed the current interested party, and found the publication notice insufficient because it did not comply with the strict requirements of the Tax Code. *Id.* at 509.

¶ 31    *Midwest Real Estate Investment* is instructive regarding the requisite level of strict compliance when dealing with omitted information. *Midwest Real Estate Investment*, 295 Ill. App. 3d at 710. In that case, the tax deed petitioner omitted the first four digits of the tax sale certificate number, thereby failing to comply with the strict requirements of section 22-15 of the Tax Code by not " 'completely fill[ing] in' " the notice forms. *Id.* at 707. The court even acknowledged that the property owner had never been misled and had actually followed up with the county clerk regarding the delinquent taxes. *Id.* at 708. It also rejected the tax deed petitioner's argument that the omitted certificate numbers were extraneous information and that the omission was "harmless." *Id.* at 707-10. The court noted that strict compliance was necessary to further the legislative intent to create a "bulwark." *Id*. at 710. A tax purchaser's failure to comply with the requirements without deviation must result in denial of a tax deed. *Id*. A favorable judgment would be void and subject to collateral attack. See s*upra* ¶ 23 n.2. The court found that strict compliance to the forms meant full and complete compliance with all required information. *Midwest Real Estate Investment*, 295 Ill. App. 3d at 710.

¶ 32    In the present case, the petitioner did not include the address and phone number of the county clerk following the statement "For further information contact the County Clerk," thus failing to strictly comply with the requirements of section 22-5 and section 22-10 of the Tax Code. 35 ILCS 200/22-5, 22-10 (West 2010). This omission could be seen as far more egregious than the incomplete sale certificate number which the *Midwest Real Estate Investment* court found to be noncompliant with the statute. *Midwest Real Estate Investment*, 295 Ill. App. 3d at 710. The failure to include the contact information of the county clerk on Take Notices I and II sent to the property owner both impedes the ease with which he or she

can remedy the tax delinquency and keep the property and also frustrates the legislature's intent to encourage the property owner to pay the delinquent taxes rather than aid the purchase efforts of tax deed petitioner.

¶ 33    Neither Take Notice I[4] nor II was "completely filled in," as required by section 22-5 and section 22-10 of the Tax Code, and the petitioner did not, therefore, "serve that [respondent] with the notices required by sections 22-10 through 22-30." 35 ILCS 200/22-5, 22-10, 22-45(4) (West 2010). The trial court properly vacated the order issuing the tax deed to the petitioner because the order was void for failure of proper statutory notice.

¶ 34    We affirm the trial court on the basis that the petitioner failed to provide proper notice to the respondent by omitting the address and phone number of the county clerk on the take notice forms. We decline to reach the parties' additional arguments regarding the trial court's ruling.

¶ 35                                  CONCLUSION

¶ 36    We find the trial court had jurisdiction to resolve this matter and affirm its order granting the respondent's combined motion and vacating its order issuing the tax deed.

¶ 37    Affirmed.

¶ 38    JUSTICE SCHMIDT, dissenting.

¶ 39    I agree with the majority's finding that the trial court had *in rem* jurisdiction over the subject property. This is where my agreement begins and ends. I would find that the technical defect did not render the tax deed void and that respondent's section 2-1401 motion was insufficient. I would reverse the trial court. Therefore, I respectfully dissent.

¶ 40                           The Tax Deed Is Not Void

¶ 41    Having determined that the trial court had *in rem* jurisdiction over the subject property, the majority goes on to find that the tax deed is void. *Supra* ¶ 32. This is so, says the majority, due to petitioner's failure to include the circuit clerk's address and telephone number in the written notices, which respondent claimed she never received.

¶ 42    The majority cites no authority to support its holding that a technical defect renders the tax deed void, nor have I uncovered any. In fact, once a trial court acquires jurisdiction over the land, any subsequent challenge to the issuance of the tax deed renders its order voidable, not void. *Vulcan Materials Co. v. Bee Construction*, 96 Ill. 2d 159, 165 (1983); see also *In re Application of the County Collector for Judgment & Order of Sale Against Lands & Lots*

---

[4]In *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (1st) 130463, ¶ 15, the court affirmed the vacating of the tax deed because the tax buyer failed to strictly comply with the requirements of the first take notice form by omitting the municipality of the property. There, the tax deed petitioner failed to include the municipality on the original postsale notice sent to the property owner per the requirements of section 22-5 of the Tax Code. *Id.* Even though the municipality was included on all of the other take notice documents sent to the property owner in accordance with section 22-10, the court held that the omission rendered the postsale notice form insufficient and the tax deed petitioner was not entitled to a tax deed. *Id.*

*Returned Delinquent for Non-Payment of General Taxes & Special Assessments for the Year 1983 & Prior Years*, 206 Ill. App. 3d 22, 27 (1990). *S.I. Securities v. Powless*, 403 Ill. App. 3d 426, 444 (2010), held that minor mistakes do not render a tax deed void. The court stressed that the incorrect description of the property contained in the notice, at most, rendered the tax deed voidable, not void. *Id.*

¶ 43  The government and homeowner hold competing interests with regard to collateral attacks upon tax deed orders. *In re Application of the County Collector*, 217 Ill. 2d 1, 17 (2005). As the majority identifies, the main purpose of the tax deed process is to compel delinquent homeowners to pay taxes. *In re Application of the County Collector*, 295 Ill. App. 3d 703, 710 (1998). Marketable tax deeds aid the government in collecting taxes where the homeowner fails to pay them. *Killion v. Meeks*, 333 Ill. App. 3d 1188, 1193 (2002). However, the forced sale of a home can have serious consequences for the delinquent taxpayer; thus, a collateral attack affords the delinquent homeowner an opportunity to ensure that the order was properly obtained. *Mary Lowe*, 217 Ill. 2d at 17.

¶ 44  The majority's holding that a technical defect voids tax deeds and thus subjects them to collateral attack at any time (*Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002)) will destroy the marketability of tax deeds. Query: What rational person would buy a tax deed knowing that any technical deficiency in the notice renders the deed void and subject to attack at any time? This reality did not escape the attention of the General Assembly, *ergo*, section 22-45 of the Tax Code (35 ILCS 200/22-45 (West 2010)). The majority's holding also ignores section 22-45.

¶ 45                    Section 22-45: Insufficiency of Petitioner's Combined Motion

¶ 46  The majority finds that respondent's petition is exempt from the general requirements of section 2-1401 due to the fact that the petition alleges voidness. *Supra* ¶ 26. I agree that a section 2-1401 petition based on voidness is exempt from the usual section 2-1401 pleading requirements. However, respondent failed to satisfy any requirement necessary for relief.

¶ 47  Section 22-45 of the Tax Code works in conjunction with section 2-1401 of the Code of Civil Procedure by allowing a party to collaterally attack a tax deed in limited circumstances. Thus, in contrast to the majority's position, even voidable tax deeds can be collaterally attacked pursuant to section 2-1401. A tax deed need not be void for the property owner to contest it. However, section 22-45 limits the grounds for relief on collateral attack:

> "§ 22-45. Tax deed incontestable unless order appealed or relief petitioned. Tax deeds issued under Section 22-40 are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Sections 2-1203 or 2-1401 of the Code of Civil Procedure in the same manner and to the same extent as may be had under those Sections with respect to final orders and judgments in other proceedings. The grounds for relief under Section 2-1401 shall be limited to:
>
>     (1) proof that the taxes were paid prior to sale;
>
>     (2) proof that the property was exempt from taxation;
>
>     (3) proof by clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser or his or her assignee; or

(4) proof by a person or party holding a recorded ownership or other recorded interest in the property that he or she was not named as a party in the publication notice as set forth in Section 22-20, *and* that the tax purchaser or his or her assignee did not make a diligent inquiry and effort to serve that person or party with the notices required by Sections 22-10 through 22-30." (Emphasis added.) 35 ILCS 200/22-45 (West 2010).

¶ 48    Respondent failed to allege any of the four grounds for relief in the section 2-1401 petition. It is clear from the record that respondent had not paid the taxes prior to the sale of the property and that the property was not exempt from taxes. Respondent requested that the court grant relief under sections 22-45(3) and (4), but failed to support either ground. The petition did not include any allegations regarding fraud or deception; thus respondent did not satisfy grounds for relief under section 22-45(3). Respondent's failure to allege that petitioner did not name her in the notice prevented respondent from establishing grounds for relief under section 22-45(4). Conspicuously absent from section 22-45 is the basis relied upon by the majority: a failure to provide the name and phone number of the county clerk in the take notice.

¶ 49    Furthermore, respondent failed to comply with even the general requirements under section 2-1401. Petitions under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2010)) must meet several requirements. The petition must: (1) allege and prove due diligence in defending the original action; (2) plead due diligence in bringing the petition to vacate the order in question; and (3) plead a meritorious defense. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 221 (1986). "The petition must be supported by affidavit or other appropriate showing as to matters not of record." 735 ILCS 5/2-1401(b) (West 2010). The respondent did not sign the affidavit; her attorney signed it. Furthermore, respondent did not include a statement concerning respondent's own due diligence in defending the original action, nor did the petition allege a meritorious defense.

¶ 50    I find that respondent's section 2-1401 petition is insufficient on its face. Therefore, I would reverse the trial court's ruling.

¶ 51    For the foregoing reasons, I respectfully dissent.