NOTICE

Decision filed 10/14/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240658-U

NO. 5-24-0658

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| CORTEZZ, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 23-TX-4 |
| | ) | |
| GRANITE CITY MASONIC TEMPLE | ) | |
| ASSOCIATION, | ) | Honorable |
| | ) | Ronald S. Motil, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Cates and Boie concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court's order granting respondent's motion to vacate tax deed for lack of sufficient notice to occupants of the subject property is affirmed where petitioner failed to provide notice to occupants of the subject property of its application for tax deed.

¶ 2   Following a hearing, the circuit court granted respondent's motion to vacate tax deed. On appeal, petitioner argues that it provided sufficient notice to respondent and the occupants of the subject property. For the following reasons, we affirm.

¶ 3                                          I. BACKGROUND

¶ 4   On February 22, 2021, Auction Z-1, Inc. purchased the parcel at issue, namely, 1700 Pontoon Road, Granite City, Illinois, by paying the delinquent 2019 taxes. On May 4, 2021, notice that the property had been sold for delinquent taxes and that the period of redemption would expire

1

on February 22, 2023, was issued. Said notice was sent to Granite City Masonic Temple Association (Association) at 1700 Pontoon Road in Granite City. On December 28, 2022, counsel for Auction Z-1 requested the Madison County Clerk extend the period of redemption to June 28, 2023. The same day, the clerk extended the redemption period per Auction Z-1's request.

¶ 5    On January 6, 2023, Auction Z-1 filed its petition for tax deed. On January 10, 2023, a notice that the property had been sold for delinquent taxes and the period of redemption would expire on June 28, 2023, was issued. Said notice was sent by the clerk via certified mail to (1) Granite City Masonic Temple Association, 1948 Cleveland Boulevard, Granite City; (2) Mathew Miller as the registered agent for Granite City Masonic Temple Association, 1700 Pontoon Road, Granite City; and (3) Unknown Occupants, 1700 Pontoon Road, Granite City. Affidavits of notice indicated that notice through a process server was served on (1) Granite City Masonic Temple Association by leaving a copy of the notice with John Vasques, a director of the Granite City Masonic Temple Association; (2) Debra Ming-Mendoza, County Clerk of Madison County by leaving a copy of the notice with a junior clerk, Lisa Zabawa; and (3) Unknown Occupants of 1700 Pontoon Road, by leaving a copy of the notice with John Vasques. Notice by publication was made to (1) Granite City Masonic Temple Association; (2) Mathew Miller as the registered agent for Granite City Masonic Temple Association; (3) Debra Ming-Mendoza, County Clerk of Madison County; (4) Unknown Occupants of 1700 Pontoon Road, Granite City; and (5) Unknown Owners and Parties Interested Occupants generally of 1700 Pontoon Road, Granite City.

¶ 6    On July 18, 2023, Auction Z-1 assigned the tax certificate to the petitioner, Cortezz, LLC. On August 4, 2023, the circuit court issued an order directing the county clerk to issue a tax deed to Cortezz. On August 18, 2023, the Association filed a motion to vacate the order directing the

issuance of a tax deed. The motion alleged, *inter alia*, "it appears there are defects in service of process and/or notice to the movant."

¶ 7    On October 25, 2023, Cortezz filed its response to the motion to vacate. It argued, "Tax Petitioner provided the notice required by the Illinois Property Tax Code included [*sic*] notice to multiple addresses which was received by an authorized party John Vasques." A hearing on the matter was set for November 17, 2023.

¶ 8    On November 17, 2023, the circuit court ordered the Association to file a supplement to its motion to vacate citing more specific bases for its motion. It granted Cortezz 21 days to supplement its response thereto. The matter was set for further hearing on January 5, 2024.

¶ 9    On December 13, 2023, the Association filed its supplement to the motion to vacate order. It set forth that its "underlying general argument is that Cortezz, LLC's (hereinafter 'Petitioner') failure to adhere to the diligence requirements regarding 'service' of the notices required under the Illinois Property Tax Code is fatal to the issuance of a tax deed, therefore making the issuance of a tax deed to the Defendant's (Respondent) property inappropriate." It alleged that Cortezz's service on Vasques failed in that he was not authorized to accept service on behalf of the Association. It further alleged that Cortezz failed to use diligence to determine that two lodges— Triple Lodge #835 and Granite City Lodge #877—were interested parties and occupants of the property. It also alleged that if Cortezz had looked at the sign at 1700 Pontoon Road, it "would have realized that the two lodges are specifically mentioned thereon and that appropriate notice to those lodges should have been provided." It directed the court to an attached photograph of the referenced sign at 1700 Pontoon Road. However, a copy of this photograph is not in the record on appeal. The supplement to the motion to vacate further alleged that "a simple internet search would inform the Petitioner of the existence of the lodge meetings held by the occupants and parties

3

interested in the 1700 Pontoon Road property." It opined that "[s]ervice was never made on Triple Lodge #835 or Granite City Lodge #877." It asked the court to vacate the order directing the county clerk to issue the tax deed, assess all sums due and payable by it to Cortezz, set a time by which payment was to be made, and grant it "any and all other and further relief this Court deems equitable and just under the circumstances."

¶ 10　On January 16, 2024, Cortezz filed its response to the supplement to the motion to vacate order. It averred that it had been diligent in providing notices and that public records revealed that Vasques was authorized to accept service. It argued that actual notice was received by Vasques who, as a director of the Association, was an authorized party. It attached exhibits of the Association's corporate annual report that listed Vasques as a trustee and director in 2021 and 2022, and a director in 2023.

¶ 11　On February 2, 2024, the circuit court resumed the hearing on the Association's motion to vacate. Counsel for the Association argued that Cortezz failed to exercise due diligence to find that Triple Lodge #835 had an interest due to its occupancy of the building at the subject property. He noted that after the motion to vacate was filed, Cortezz went to the website ourlodgepage.com and found that the lodge met at 1700 Pontoon Road. He argued that if Cortezz had used due diligence prior to serving process, it would have discovered that the lodge had an interest in the property. Counsel for the Association then stated, "I'm showing the picture." Counsel argued that "it's clear just by driving by the facility. It talks about Triple Lodge 835 and Lodge 877 ***. Diligence—you know, due diligence still indicates to send notice to everybody having any anticipation of having an interest in that building. And they failed in that respect." He averred there was no evidence in the record that Cortezz made "any attempt to provide notice to any of the folks using that—notably,

4

Triple Lodge 835. Who meets there twice a month and, you know, stated meetings twice a month. And other meeting is [*sic*] called if necessary, cook outs, fish fry's [*sic*], etcetera."

¶ 12     Counsel for Cortezz argued that the Association was properly served by Cortezz's service of notice on Vasques because Vasques was authorized to accept notice as a trustee of the Association. He further argued that the Association was in charge of the property and was the property manager. He averred that as property manager, it was allowed to accept notice on behalf of the occupants. Counsel for Cortezz summed up the argument by stating, "[L]eaving property with the representative of the owner satisfies the requirement related to owners. And since the owner is a property manager in a commercial building, they are the people that are supposed to receive notice for occupants and that it does satisfy that." He continued, "I mean as long as Mr. Vasques had the right to accept service, which clearly by the Secretary of State documents for the last several years, he did. That is acceptable."

¶ 13     The circuit court stated that it "read the various pleadings," including "the motion, the supplemental response, the responses, also read the Statute." It then granted the Association's motion to vacate the order directing the issuance of a tax deed. It stated, "—I don't think that the— leaving the notice with this one person, Mr. Vasquez complies with the direction of the S[t]atute that we had—that had previously stated the Illinois property tax code. And it's on that basis that I'm granting the motion of the Masonic Temple." A written order granting the Association's motion to vacate followed.

¶ 14     On February 29, 2024, Cortezz filed a motion to reconsider. The circuit court denied the motion after a hearing on May 1, 2024. The court entered its written order (1) vacating the order directing issuance of the tax deed entered on August 4, 2023; (2) declaring the tax deed void and of no legal effect; (3) stating that provisions of section 22-80 of the Property Tax Code (35 ILCS

200/22-80 (West 2022)) had been satisfied; (4) stating the order was final and appealable and that no just reason existed for delay of its enforcement; and (5) striking the court date scheduled for May 10, 2024. Cortezz appeals.

¶ 15                                    II. ANALYSIS

¶ 16    Cortezz argues that Vasques was an authorized party to accept service on behalf of the Association and Vasques accepted such service. It further argues that notice to the occupants of the subject property was legally sufficient under section 22-15 of the Property Tax Code (Code) (*id.* § 22-15) because the owner of the property, *i.e.*, the Association, was the property manager of the property and was directed and received notice through Vasques. It avers that the statement made by the Association's counsel at hearing that "[t]he building is managed by the Petitioner in this case, The Granite City Masonic Temple Board Association," was a statement that the Association was its own property manager.

¶ 17    Conversely, the Association argues that the record indicates that Cortezz made no attempt to serve either Triple Lodge #835 or Granite City Lodge #877, both of which were known publicly as occupants of the subject property. It avers "[t]he notices in the record are not even directed at either Lodge-occupant. The Petitioner never even intended, much less attempted, to notify any actual occupants of the premises in question." It further argues that the notice to "Unknown Occupants" in this case, even had it been properly effectuated, would have been insufficient notice to the publicly known occupants.

¶ 18    The Association further argues that there is nothing in the record to confirm that Vasques had the authority to accept service/notice on behalf of the Association or either occupant or that he held the positions of authority on behalf of the Association that he allegedly indicated he had at the relevant times. It avers that even if such information were present, Vasques attempted to

6

accept service on behalf of the registered agent, Mathew Miller, not on behalf of the Association or upon either of the known occupants. It further argues that even if one were to assume that Vasques had authority to accept service on behalf of the Association, there is no indication that Mathew Miller ever delegated his authority to act as registered agent for the Association to Vasques or that Vasques was the actual registered agent for the Association. The Association opines that there is nothing in the record to indicate that the Association, much less Vasques, had actual or any apparent authority to direct economic or recreational activities of Triple Lodge #835 or Granite City Lodge #877 which may take place in the building, or that the Association or Vasques collected rent from either lodge, or that the Association or Vasques performed any of the type of "managerial" function Cortezz alleges or implies those parties may perform on behalf of the occupants.

¶ 19    Here, we are tasked with determining whether the circuit court erred when it granted the Association's motion to vacate tax deed for lack of sufficient notice to occupants of 1700 Pontoon Road in Granite City. Issues of statutory construction are reviewed *de novo*. *City of Chicago v. Illinois Commerce Comm'n*, 286 Ill. App. 3d 557, 559 (1997); *In re Application of the County Treasurer & ex officio County Collector*, 2013 IL App (1st) 130463, ¶ 9.

¶ 20    Section 22-10 of the Code states:

> "A purchaser or assignee shall not be entitled to a tax deed to the property sold unless, not less than 3 months nor more than 6 months prior to the expiration of the period of redemption, he or she gives notice of the sale and the date of expiration of the period of redemption to the owners, occupants, and parties interested in the property ***." 35 ILCS 200/22-10 (West 2020).

Additionally, section 22-15 of the Code states:

7

"The same form of notice shall also be served, in the manner set forth under Sections 2-203, 2-204, 2-205, 2-205.1, and 2-211 of the Code of Civil Procedure, upon all other owners and parties interested in the property, if upon diligent inquiry they can be found in the county, and upon the occupants of the property.

*** If the property has no dwellings or rental units, but economic or recreational activities are carried on therein, the person directing such activities shall be deemed the occupant. ***" *Id.* § 22-15.

¶ 21    "[A] tax deed petitioner must demonstrate that it strictly complied with the notice requirements of the Code." *In re Application of the County Collector*, 2020 IL App (1st) 191464, ¶ 19. "The primary purpose of Illinois's tax deed system is to coerce tax-delinquent property owners to pay their taxes, not to assist others in depriving the owners of their property." *Id.* ¶ 21. "The Code requires a tax purchaser to serve notice upon all individuals holding an interest in the property if their identities can be discovered through diligent inquiry." *In re Application of the County Treasurer & ex officio County Collector*, 2011 IL App (1st) 101966, ¶ 44. "A diligent inquiry is that inquiry which a diligent person who is intent on discovering a fact would reasonably make." *Id.* It "must be made in good faith to ascertain the truth." *Id.* "[S]ection 22-15 requires a tax buyer to make a diligent inquiry to find and *personally serve the occupant*." (Emphasis added.) *Gacki v. La Salle National Bank*, 282 Ill. App. 3d 961, 964 (1996).

¶ 22    We find unavailing Cortezz's argument that by serving notice on Vasques, it effectively served notice on the Association and, since the Association managed the property at 1700 Pontoon Road, the notice was effectively served on the occupants of the property as well. Cortezz has offered no evidence—just a mere allegation—that the Association was the entity "directing such

8

activities" of Triple Lodge #835 or Granite City Lodge #877, as required by section 22-15 of the Code (35 ILCS 200/22-15 (West 2020)). Even if we were to assume *arguendo*, that Cortezz effected service on the Association through Vasques, we find that there was no evidence that the Association directed the activities of the occupant lodges. Thus, we find that the circuit court's determination that Cortezz failed to effect service on the occupants of 1700 Pontoon Road was not in error.

¶ 23                             III. CONCLUSION

¶ 24    For the foregoing reasons, we affirm the order of the circuit court granting the motion to vacate tax deed.

¶ 25    Affirmed.